23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Carl GREEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-4108.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1994.
 
 Before: MILBURN and GUY, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 This is an appeal from the denial of a motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Carl Green was convicted after a jury trial of several drug-related counts and received an aggregate 420 month sentence. On direct appeal, a panel of this court affirmed the conviction. United States v. Green, Nos. 90-3468/3469 (6th Cir. Sept. 10, 1991).
 
 
 3
 Green subsequently filed a motion to vacate sentence under 28 U.S.C. Sec. 2255 in which he raised challenges to the conviction and sentence. The matter was referred to a magistrate judge who recommended that the motion be denied. The district court ultimately adopted the recommendation, over Green's objections, and this appeal followed. The parties have briefed the issues; Green is proceeding without benefit of counsel.
 
 
 4
 Green brings five assignments of error on appeal. Examination of the record and law reflect some of his claims are not cognizable in a Sec. 2255 motion; the others do not reflect a proceeding so fundamentally flawed as to constitute a complete miscarriage of justice or a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 Green was arrested in 1989 after a series of cocaine transactions with government informants and others. A search of Green's apartment, locker and garage yielded inter alia one half kilogram of cocaine, a pistol with ammunition, drug paraphernalia and more that $15,000 in currency. Green was tried before a jury and testified in his defense. The foregoing physical evidence was admitted against Green as well as the testimony of Green's former cocaine buyer/cell mate. The jury convicted Green of all counts. Green had a counsel assisted direct appeal in which several alleged errors of substance and procedure were raised and rejected.
 
 
 6
 Green thereafter filed the present motion to vacate. He set forth several grounds for relief as well as a general ineffective assistance of counsel claim.
 
 
 7
 Green's first assigned error is that the court erred in rejecting his claim of prosecutorial misconduct. The substance of this claim is that the prosecutor engaged in an improper closing argument at trial when he characterized one of Green's witnesses as a liar. It is initially noted that this issue could have been raised on direct appeal but was not. Claims that could have been raised on direct appeal but were not will not be entertained in a Sec. 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Assuming arguendo the truth of Green's vague claim of ineffective assistance of counsel as "cause" in this context, there is no indication that this failure was prejudicial. Green points out that there was no contemporaneous objection registered to the prosecutor's comments. The merits of this claim would not, therefore, have been entertained on direct appeal unless it constituted plain error, that is, it undermined the fundamental fairness of the trial and led to a miscarriage of justice. See, e.g., United States v. Wunder, 919 F.2d 34, 36-37 (6th Cir.1990) (per curiam). The chances of a jury conviction being overturned owing to an isolated prosecution reference to a witness as a "liar" appear slim. United States v. Leon, 534 F.2d 667, 679 (6th Cir.1976). This claim lacks merit.
 
 
 8
 Green's second assignment is that the district court erred by dismissing his Sixth Amendment claim without conducting an evidentiary hearing. The substance of this claim is that the testimony of Green's former cell mate, Ripley, should not have been used at trial because the information was obtained in contravention of Green's right to counsel. This claim is not properly brought in a motion to vacate. One of the assignments of error on Green's direct appeal was the admissibility of Ripley's testimony. The panel squarely considered and rejected the notion that the information was shown to have been obtained in an unconstitutional manner or that the testimony offered worked to Green's disadvantage. Issues raised and considered on direct appeal may not be relitigated in a Sec. 2255 motion to vacate sentence. Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). As the record conclusively shows that Green was not entitled to relief on this issue, Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986), the district court's decision not to conduct an evidentiary hearing was not error.
 
 
 9
 Green's third assignment of error is that the district court should have held an evidentiary hearing on the claim that his sentence was improper. Green claims his sentence was improper due to the incorrect application of the career offender guideline. This is a claim that obviously could have been raised on direct appeal but was not. As there is no explanation for this omission and no prejudice apparent, the claim cannot be considered on collateral attack. Frady, 456 U.S. at 167-69; Ratliff, 999 F.2d at 1025.
 
 
 10
 Green's fourth assigned error is that the district court should not have dismissed his claim of ineffective assistance of counsel without affording him an evidentiary hearing. As noted above, an evidentiary hearing is not necessary where the record conclusively shows a movant is not entitled to relief. Baker, 781 F.2d at 92. One seeking collateral relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). A reviewing court's scrutiny of counsel's performance is highly deferential; there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689. In this context, prejudice is the clearly negative impact on the results of the trial. Rice v. Marshall, 816 F.2d 1126, 1131-32 (6th Cir.1987).
 
 
 11
 The present record reflects the meritless nature of this claim. It is apparent that many of the cited examples of counsel's inadequacy are frivolous or have been found not to be errors at all. (Failure to petition Sixth Circuit to find out if this court made its decision on "erroneous information," failure to raise patently frivolous objection to "territorial jurisdiction of the United States.") Trial counsel is not required to make frivolous objections to avoid a charge of ineffective representation. Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir.1986). In addition, the remainder of the cited examples are highly speculative or completely unsupported by the record. In sum, none of these claimed deficiencies is characteristic of a the sort of total breakdown of counsel required to support a claim under Strickland. This final contention and the appeal are meritless.
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation