Carl GREEN, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 93–4109.

United States Court of Appeals,
Sixth Circuit.

Argued March 13, 1995.

Decided Sept. 20, 1995.

Carl Green (briefed), Milan, MI, David J. Betras (argued and briefed), Betras & Dann, Youngstown, OH, for petitioner-appellant.

Blas E. Serrano, Asst. U.S. Attorney (argued and briefed), Office of the U.S. Attorney, Cleveland, OH, for respondent-appellee.

Before: NELSON and SUHRHEINRICH, Circuit Judges; SMITH, District Judge.*

DAVID A. NELSON, Circuit Judge.

Carl Green, who is serving prison sentences for a variety of federal crimes, moved under 28 U.S.C. § 2255 for vacation or correction of one of his sentences. Rejecting a contention that Mr. Green had been prejudiced in the sentencing proceedings by ineffective assistance of counsel, a magistrate judge recommended that the § 2255 motion be denied without an evidentiary hearing. The district court accepted the recommendation, and this appeal followed.

We conclude that although the sentencing court erred in calculating Mr. Green's guideline range, the performance of Mr. Green's counsel was clearly not deficient in a constitutional sense. Moreover, because Mr. Green is currently serving a much longer concurrent sentence—not subject to attack here—for other crimes, it does not appear that he would have suffered any prejudice even if his lawyer's performance had been deficient. We shall affirm the denial of the § 2255 motion.

I

Mr. Green was tried before a jury on cocaine charges and a charge of being a convicted felon in possession of a firearm. The jury found him guilty. In a separate case Mr. Green subsequently pleaded guilty to the charge underlying the present proceeding, a charge that he violated of 31 U.S.C. § 5324 by structuring a transaction with a financial institution to avoid statutory reporting requirements. Sentencing hearings in the two cases were combined.

* The Honorable George C. Smith, United States District Judge for the Southern District of Ohio, sitting by designation.

In the cocaine case the court imposed several concurrent sentences, the longest of which was 420 months. In the financial structuring case the court imposed a sentence of 57 months, to be served concurrently with the cocaine case sentences.

Direct appeals were taken in both cases, and the appeals were consolidated. Mr. Green's counsel did not raise any sentencing issues in the appeal of the financial structuring case, and the conviction and sentence were affirmed in an unpublished decision. *United States v. Green,* Nos. 90–3468/3469, 1991 WL 175283 (6th Cir. Sept. 10, 1991).

Mr. Green thereafter filed § 2255 motions in both the cocaine case and the financial structuring case. Both motions were denied. The denial of the motion in the cocaine case was affirmed last year in an order entered under Rule 9(a) of the rules of this court. *Green v. United States,* No. 93–4108, 1994 WL 144435 (6th Cir. April 21, 1994) (unpublished order). In the instant appeal this court *sua sponte* appointed appellate counsel for Mr. Green, who had been proceeding *pro se,* and the matter has now been fully briefed and argued.

## II

■ Where a § 2255 motion and the files and records of the case conclusively show that the moving party is entitled to no relief, the court is not required to serve notice of the motion on the United States attorney, and no hearing of any kind is required. 28 U.S.C. § 2255. *A fortiori,* of course, no *evidentiary* hearing is required under such circumstances. See *Bryan v. United States,* 721 F.2d 572, 577 (6th Cir. 1983), *cert. denied,* 465 U.S. 1038, 104 S.Ct. 1315, 79 L.Ed.2d 711 (1984). And where, as in the case at bar, an answer to the motion has been filed, it is up to the district judge to determine whether an evidentiary hearing is required. Rule 8(a), Rules Governing Section 2255 Proceedings in the United States District Courts.

■ Here the district judge determined, after full consideration of Mr. Green's arguments, that an evidentiary hearing was not required. It does not seem to us that the judge abused his discretion or otherwise erred in this determination.

■ Although Mr. Green does not question the validity of his conviction, he points to several alleged sentencing errors and contends that his former counsel was "ineffective," in a constitutional sense, in allowing these errors to go unchallenged. A magistrate judge concluded as a matter of law that the claims of sentencing error had no merit, from which it would follow that the performance of Mr. Green's former counsel was not deficient. The district judge agreed. We shall consider each of the alleged sentencing errors in turn.

### A

■ Mr. Green first contends that the district court calculated his criminal history incorrectly, under the Sentencing Guidelines, as a result of having counted two prior convictions separately. He says that the prior cases were really "related," so that the sentences imposed therein should have been treated as one sentence under U.S.S.G. § 4A1.2(a)(2).

The cases in question involved a 1984 state court conviction for felonious assault and a 1984 federal court conviction for a subsequent drug offense. Mr. Green apparently got in touch with a drug dealer following the assault and, according to Green's brief, "solicited a half ounce of cocaine ... in lieu of payment of [the assault victim's] medical bills." He now argues that the two crimes "were part of a single common scheme or plan" within the meaning of Application Note 3 in the Commentary on U.S.S.G. § 4A1.2. In this connection he points to the fact that the crimes were treated as "related" for parole purposes. He also argues that the two cases were "implicitly consolidated for sentencing," which would also bring them within the Application Note. The latter argument is based on the fact that the sentence imposed by the state court in the assault case was to be served concurrently with the federal sentence in the drug case.

■ Neither argument is persuasive. As to the alleged consolidation, cases are not "consolidated" for sentencing when they pro-

ceed to sentencing under separate docket numbers, do not arise from the same nucleus of facts, lack an order of consolidation, and result in different sentences. This is true even when the defendant pleads guilty to the offenses in the same court, at the same time, before the same judge. *United States v. McAdams*, 25 F.3d 370, 374–75 (6th Cir. 1994). The notion that Mr. Green's state court assault case was somehow consolidated for sentencing with his federal court drug case is utterly fanciful.

■ As to the "single common scheme or plan" argument, the notion that Mr. Green assaulted his victim with the thought that he would then go out and solicit cocaine for him in lieu of paying his hospital bills strikes us as equally fanciful. The second crime may have been an outgrowth of the first, but there was obviously no single common scheme or plan—and it would have been an unwarranted use of judicial resources for the district court to conduct an evidentiary hearing on such a question outside the normal sentencing process. The fact that the crimes may have been deemed related for parole purposes has no bearing, of course, on the question of whether the sentencing guidelines were misapplied.

### B

The next contention—one not made in this form before the district court—is that Mr. Green should not have been sentenced as a "career offender" under U.S.S.G. § 4B1.1 because, among other things, the financial structuring crime for which he was being sentenced was neither a crime of violence nor a controlled substance offense. The problem with this contention is that Mr. Green was not in fact sentenced as a career offender in the financial structuring case. He was sentenced as a career offender in the cocaine case, where the crimes for which he was being sentenced were indeed controlled substance offenses.

1. Counsel having raised the argument at the time of sentencing, he obviously cannot be faulted for not having raised it then. In the course of the § 2255 proceeding before the district court, however, Mr. Green moved to add a claim of "Ineffective Assistance of Counsel for failure to raise this sentencing issue on direct appeal...." Cit-

The sentence imposed in the cocaine case was affirmed by this court in 1991, and the rejection of Mr. Green's collateral attack on that sentence was affirmed by this court in 1994. We could not revisit the sentence in the cocaine case here even if there were some apparent defect in that sentence, which there is not.

### C

■ Mr. Green contends that the sentencing court erred in finding that he was "an organizer, leader, manager, or supervisor" in the financial structuring offense, a finding that resulted in his offense level being increased by two levels under U.S.S.G. § 3B1.1(c). Such an increase was recommended in ¶ 17 of the presentence investigation report prepared for the court by a probation officer.

Citing *United States v. Cohen*, 946 F.2d 430 (6th Cir.1991), for the proposition that at least one other culpable person must have participated if the defendant is to be treated as an organizer/leader, Mr. Green maintains that § 3B1.1(c) should not have been applied to him because he committed the financial structuring crime alone. As the government pointed out when Mr. Green's former counsel made the same argument at the sentencing hearing, however,[1] Mr. Green did not act alone. His wife was involved in the offense, and so were other members of his family. This proposition was substantiated, at least as to Mrs. Green, by the testimony of a special agent of the Internal Revenue Service who participated in the investigation of criminal activities by Mr. and Mrs. Green.

The sentencing court addressed the objection to ¶ 17 of the presentence report in conjunction with objections that had been raised with respect to the two preceding paragraphs of the report. The judge announced he would sustain the probation offi-

ing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the district court concluded that counsel's conduct in handling the appeal was not outside the range of professional competence and did not prejudice Mr. Green.

cer's findings in relation to all three paragraphs. In thus adopting the probation officer's findings, the court found that Mrs. Green and other family members were involved in the offense at Mr. Green's request and upon his instructions. It is most unlikely that this court, applying a "clearly erroneous" standard, would have overturned the district court's resolution of this issue if the question had been pressed in the direct appeal.

### D

Mr. Green's remaining "sub assignments of error," as he calls them, are as follows:

"4. The district court erred in enhancing the offense level by one point based on the dollar amount over $100.000.00 under § 2S1.3(b)(2).

5. The district court erred in increasing the offense level by five points under § 2S1.3(b)(1) without making a specific finding of fact that the Petitioner–Appellant knew or believed that the funds were criminally derived property."

The offense level adjustments in question had been recommended in paragraphs 15 and 16 of the presentence report.

The recommendation in ¶ 15 was as follows:

"The defendant knew that the money had been obtained criminally as evidenced by his efforts to secure numerous cashier's checks in differing amounts and in different family member's names. In addition, the defendant's conviction in his recent Federal case (No. 89CR235) for extensive drug distribution would indicate that his means of support was through the sale and distribution of illegal drugs. According to the U.S. Attorney assigned to that case, the defendant was selling on the average of 1 kilogram of cocaine per month over an extended period of time prior to his arrest. Pursuant to guideline 2S1.3(b)(1), an additional 5 levels are appropriate."

In specifically accepting this recommendation, as he did at page 31 of the transcript of the sentencing hearing, the district judge relied not only on what he had heard at the sentencing proceeding, but also on what he had heard at the trial. It was entirely proper for the court to rely upon its own recollection of the case. *Shraiar v. United States,* 736 F.2d 817 (1st Cir.1984).

■ There was ample support for the finding that Mr. Green knew that the funds in question (which he and his wife used to purchase a $123,500 house, paying the full price with currency and a series of cashier's checks) represented the proceeds of unlawful drug activity. Mr. Green's mother-in-law originally stated that she had lent Mr. Green $100,000 to buy the house, but she repudiated this statement the day after the drug conviction. Mr. Green had no source of income other than drug trafficking, and the fact that his lawyer failed to persuade the court otherwise hardly means that the lawyer's performance fell below any constitutionally mandated norm.

The recommendation in ¶ 16 of the presentence report read as follows:

"The amount of money for which the defendant was responsible is $123,500.00. Pursuant to 2S1.3(b)(2), an additional 1 level is applied for amounts which exceed $100,000.00."

This recommendation ought to have been rejected, we believe.

Mr. Green was not charged with buying a house with drug money. He was charged with structuring a transaction to evade currency reporting requirements. The "structuring" entailed the purchase of cashier's checks totalling $107,400. Mr. Green filed the necessary report for one check in the amount of $9,500, while his brother, who obtained a cashier's check for $20,000 on Mr. Green's behalf, filled out the reporting form for that check. This reduces the amount of unreported currency to a level below the $100,000 figure for which enlargement of the offense level is required.

■ The government cites a Fifth Circuit case where, under the "relevant conduct" provision of U.S.S.G. § 1B1.3, the court looked at the contours of the "underlying scheme" and considered all funds involved in "the same course of conduct or common scheme or plan as the offense of conviction." *United States v. Rodriguez,* 925 F.2d 107,

111–12 (5th Cir.1991). Our court, however, has now rejected a "relevant conduct" adjustment where a guideline provision restricts its application to specific conduct. *United States v. Wright,* 12 F.3d 70, 74 (6th Cir. 1993). Because the guidelines that apply to Mr. Green's offense specifically refer to evading reporting requirements,[2] *Wright* indicates that the district court should not have made the one-level increase in the offense level under § 2S1.3.

### III

If Mr. Green had been sentenced in the Fifth Circuit, the one-level increase would not have been deemed erroneous. Mr. Green's lawyer lacked the prescience to foretell this circuit's rejection of the Fifth Circuit approach, but this hardly means that Mr. Green was denied effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), teaches that to prevail on an ineffective assistance of counsel claim, the claimant must "show that his lawyer made errors so egregious that he simply was not functioning as the counsel guaranteed by the Sixth Amendment." *United States v. Medved,* 905 F.2d 935, 942 (6th Cir.1990). Mr. Green's lawyer made no such error. Here, as in *Medved,* "[t]here is no way … that lawyers of ordinary training and skill in the criminal law could possibly conclude that counsel's conduct … was not 'competent.'" *Id.*

As noted above, moreover, Mr. Green received a 420–month sentence in the cocaine case. The 57–month sentence of which he complains here is being served concurrently with the 420–month sentence. Even if the shorter sentence had been the result of ineffective assistance of counsel— which it was not—the lack of effective assistance would have had no effect on the length of time Mr. Green must spend in prison. Prejudice is an essential element of an ineffective assistance claim, *Strickland* teaches, and it does not appear that Mr. Green could make any showing of prejudice. For this reason too, the district court was correct in

denying the motion without an evidentiary hearing.

**AFFIRMED.**

---

2. The full title of U.S.S.G. § 2S1.3, as in effect on May 15, 1990, the date of Mr. Green's sentencing, was "Failure to Report Monetary Transactions; Structuring Transactions to Evade Reporting Requirements."