**John A. HILL, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 1:95 CR 297.
No. 4:99 CV 2774.

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 2, 2000.

John A. Hill, Federal Prison Camp, Edgefield, SC, pro se.

Joseph P. Schmitz, U.S. Attorney's Office, Cleveland, OH, for U.S.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon Petitioner John A. Hill's *pro se* motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. Petitioner claims that his trial attorney provided ineffective assistance of counsel based on five separate grounds: (1) failure to properly investigate the authenticity of the search warrant that

led to his arrest; (2) failure to contest the constitutionality of Petitioner's prior convictions during sentencing; (3) failure to object to the manner in which the Court computed his sentence for Counts Two and Three; (4) failure to distinguish "cocaine base" and "crack" during Petitioner's sentencing; and (5) disclosing during trial that Petitioner had previously been charged with murder and later plead guilty to carrying a concealed weapon. Petitioner further claims that he was denied effective assistance of counsel as a result of his appellate counsel's failure to raise the foregoing issues on appeal. For the reasons stated below, Petitioner's motion is DENIED.

## BACKGROUND

On August 16, 1995, a federal grand jury returned a three-count indictment against Petitioner. In Count One, he was charged with knowingly possessing with intent to distribute approximately 78.47 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). In Count Two, he was charged with knowingly possessing with intent to distribute approximately 4.4 kilograms of marijuana, also in violation of 21 U.S.C. § 841(a)(1). In Count Three, he was charged with unlawfully possessing 57 rounds of 9mm ammunition in violation of 18 U.S.C. § 922(g)(1). The charges were brought after Petitioner's living quarters and a vehicle he was known to operate were searched pursuant a search warrant issued by Cuyahoga County Common Pleas Court Judge Judith Kilbane Koch.

On September 13, 1995, the government gave notice of its intent to seek an enhanced sentence because of Petitioner's two prior felony drug convictions by filing an Information pursuant to 21 U.S.C. § 851(a). The Information described Petitioner's prior convictions on November 27, 1989 of felony drug abuse and possession of cocaine in violation of Ohio Rev.Code § 2925.11 and Ohio Rev.Code § 2925.03.

Prior to trial, Petitioner's attorney moved to suppress the items seized from Petitioner's residence and the vehicle, claiming that the search warrant was invalid because the supporting affidavit contained false statements. Following a hearing on March 18, 1996, the Court denied the motion, finding that there was probable cause for the search and that the warrant was valid.

The case proceeded to trial and on March 22, 1996, and Petitioner was found guilty on Counts One, Two and Three. On July 16, 1996, Petitioner was sentenced to a mandatory term of life imprisonment on Count One pursuant to 21 U.S.C. § 841(b)(1)(A)(iii). The Court also imposed ten-year concurrent sentences for his convictions on Counts Two and Three of the indictment. The judgement was affirmed by the Sixth Circuit Court of Appeals on April 16, 1998. *United States v. Hill,* 142 F.3d 305 (6th Cir.), *cert. denied,* 525 U.S. 898, 119 S.Ct. 225, 142 L.Ed.2d 185 (1998).

On November 15, 1999, Petitioner filed this motion pursuant to 28 U.S.C. § 2255. In the motion, Petitioner contends that his trial and appellate counsel rendered ineffective assistance of counsel by failing to challenge the authenticity of the search warrant and by failing to advance various sentencing claims. Petitioner has also filed an amended motion, adding a claim that his trial counsel was ineffective by revealing that Petitioner had previously been arrested on a murder charge.

## LAW

■ In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set out a two-part test to evaluate ineffective assistance of counsel claims. In a successful claim, a criminal defendant must show (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 688–94, 104 S.Ct. 2052.

The Supreme Court has also held that a court's review of counsel's performance

"must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." 466 U.S. at 689, 104 S.Ct. 2052. Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Darden v. Wainwright,* 477 U.S. 168, 185–86, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (citations omitted).

## ANALYSIS

### I  Authenticity of the Search Warrant

█ Petitioner first claims that his counsel failed to properly investigate the authenticity of the search warrant issued in connection with his arrest. He claims that the warrant was not judicially issued and contained intentionally false information. However, Petitioner's trial and appellate attorneys both investigated and raised this issue. Prior to trial, Petitioner's attorney moved to suppress the items seized from Petitioner's residence, claiming that the search warrant was invalid because the supporting affidavit contained untrue statements of fact. The Court conducted a hearing to resolve the inconsistencies between the search warrant and Petitioner's claims on March 18, 1996, finding that the information in the affidavit was sufficient to establish probable cause regardless of Petitioner's averments. Furthermore, Petitioner's appellate attorney challenged the search warrant, and the Sixth Circuit likewise held that there was probable cause for the search and that the warrant was valid. *Hill,* 142 F.3d 305, 309.

### II  Failure to Contest Prior Convictions

█ Petitioner contends that counsel was ineffective for failing to contest the constitutional validity of his prior convictions pursuant to 21 U.S.C. § 851. However, such a challenge would have been futile because Petitioner was time barred from bringing this claim under 21 U.S.C. § 851(e). According to the statute, "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e). Petitioner's prior drug convictions occurred over five years before the Government's filing of its Information during September of 1995. Since such a challenge would have been frivolous, counsel was not ineffective for failing to respond to the Government's notice of enhancement. *See Krist v. Foltz,* 804 F.2d 944, 946–47 (6th Cir.1986) (Counsel is not required to raise frivolous defenses or arguments to avoid a charge of ineffective representation).

### III  Failure to Object to the Sentences Imposed for Counts Two and Three

█ Petitioner's third claim is based upon counsel's alleged failure to challenge the ten-year concurrent sentences imposed for Counts Two and Three. Petitioner argues that his conviction for Count Two warranted an offense level of 12 and a sentencing range of 27–33 months, and that his conviction for Count Three warranted an offense level of 20 and a sentencing range of 63–78 months. However, counsel's objection on this issue could not have altered the outcome of Petitioner's sentencing. Pursuant to the enhanced penalty provision of 21 U.S.C. § 841(b)(1)(A), Petitioner's conviction on Count One carried a mandatory life sentence. Thus, Petitioner is unable to prove prejudice under the *Strickland* analysis, as a lack of effective assistance would have had no effect on the length of time he had to spend in prison. *See Green v. United States,* 65 F.3d 546, 550 (6th Cir.1995).

*IV    Failure to Challenge "Crack" Enhancement*

Petitioner's fourth challenge is based upon counsel's alleged failure to require the government to prove that the substance he was charged with possessing was crack cocaine, as opposed to some other form of cocaine base. He claims that there was no testimony or evidence offered by the government to prove this point.

■■■ Petitioner is correct in that the government has the burden of proving by a preponderance of the evidence the type of drug involved. *See Wright v. United States,* 182 F.3d 458, 469 (6th Cir.1999); *United States v. Jones,* 159 F.3d 969, 981–82 (6th Cir.1998) *United States v. Smith,* 39 F.3d 119, 122 (6th Cir.1994). However, this claim is misplaced for two reasons. First, the record is replete with testimony that the substance seized from Petitioner's residence was specifically crack cocaine. For example, the testimony of the narcotics officer who recovered the "off-white waxy material" from Petitioner's living quarters repeatedly referred to the substance in question as being that of crack cocaine. (Transcript of Trial, Vol. III, 227–57). He further identified the seized drug paraphernalia as being consistent with the possession and production of crack cocaine. *Id.* Moreover, the scientific examiner who tested the substance in question testified to the fact that the drug was in the form of cocaine commonly known as "crack." *Id.* at 334. Thus, the government offered sufficient evidence to prove that the drug was crack cocaine.

Additionally, Petitioner's fourth claim fails because the statutory penalties under which Petitioner was sentenced apply to this case, irrespective of whether the substance was specifically proven to be crack or some other form of cocaine. *See Jones,* 159 F.3d at 982 n. 11; *United States v. Barbosa,* 51 F.Supp.2d 597, 604 (E.D.Pa. 1999). Petitioner had two prior felony drug convictions, and so he was properly sentenced to a mandatory term of life imprisonment as required by 21 U.S.C. § 841(b)(1)(A)(iii). This issue would not have altered the outcome of Petitioner's sentence, and thus Petitioner can not fulfill the *Strickland* prejudice requirement. *See Green,* 65 F.3d at 550.

*V    Disclosure of Criminal Background*

■■■ Petitioner's fifth challenge is based upon counsel's allegedly erroneous disclosure that Petitioner had previously been charged with murder and later plead guilty to carrying a concealed weapon. This information was revealed during the cross-examination of the lead detective involved in Petitioner's investigation and in the closing statement. Petitioner argues that this was erroneous and caused him prejudice, but these aspects of Petitioner's criminal background were revealed as part of a deliberate defense strategy. In eliciting testimony of the murder investigation, counsel attempted to call into question the competence of the lead investigator and to explain the investigator's alleged animus towards Petitioner. Counsel utilized this purported hostility as a plausible basis for explaining the investigator's focus on Petitioner instead of other suspects.

In *Strickland,* the Supreme Court cautioned against restricting "the wide latitude counsel must have in making tactical decisions." 466 U.S. at 689, 104 S.Ct. 2052. Moreover, the high court held that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* Thus, the disclosure of aspects of Petitioner's criminal background for the purpose of challenging the investigator's competence as well as suggesting to the jury that he had ulterior motives constitutes a tactical decision protected by *Strickland. Id.; See also United States v. Fortson,* 194 F.3d 730, 736 (6th Cir.1999) (holding that because the trial process contains a myriad of complex decisions that are sound when made for strategic reasons, but may appear unsound with the benefit of hindsight, there is a presump-

tion that a challenged action might be considered sound trial strategy).

### VI Failure to Raise These Issues on Appeal

 Petitioner's final challenge of ineffective assistance of counsel is based on appellate counsel's failure to raise the above ineffective assistance of counsel claims on appeal. In light of the foregoing analysis, the issues that counsel allegedly failed to raise are without merit. Furthermore, as the government argued, appellate counsel has no constitutional duty to raise every non-frivolous issue. *Jones v. Barnes,* 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Wright v. United States,* 182 F.3d 458, 466 (6th Cir.1999). Hence, this Court finds that counsel was not unreasonable for failing to raise these issues on appeal.

### CONCLUSION

For the reasons stated above, Petitioner has failed to prove that his attorneys' representation fell below an objective standard of reasonableness, and consequently, the petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is **DENIED.** Accordingly, this action is **DISMISSED.**

**IT IS SO ORDERED.**