**UNITED STATES of america,**
**Plaintiff–Appellee,**

v.

**Mario BAKER, Defendant–Appellant.**

No. 03–3237.

United States Court of Appeals,
Sixth Circuit.

Jan. 27, 2004.

Amul R. Thapar, U.S. Attorney's Office, Cincinnati, OH, for Plaintiff–Appellee.

Richard W. Smith–Monahan, Office of the Federal Public Defender, Cincinnati, OH, for Defendant–Appellant.

Before SUHRHEINRICH and CLAY, Circuit Judges; and GWIN, District Judge.*

*ORDER*

Mario Baker, a federal prisoner, appeals the sentence imposed upon his conviction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Baker pleaded guilty in 2002 to possession with intent to distribute at least 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). In the presentence investigation report, Baker's guideline range of imprisonment was calculated to be 100 to 125 months, based on an offense level of 25 and a criminal history category of V. Counsel objected to the assessment

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

of criminal history points for a conviction for carrying a concealed weapon and for a conviction for obstructing official business, arguing that both convictions were related to a conviction for assault. The district court denied the objections and sentenced Baker to 120 months in prison, four years of supervised release, a $1,000 fine, and a $200 special assessment.

Baker's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he has reviewed the entire record and has found no meritorious issues. Nonetheless, counsel submitted the district court's denial of Baker's objections as issues which might arguably support an appeal. Baker has not filed a response, despite being advised of his right to do so.

Upon review, we conclude that counsel's motion to withdraw should be granted as counsel has filed an acceptable *Anders* brief and no meritorious issues exist.

In his first issue, counsel considers whether the district court erred by denying the objection to the assessment of two criminal history points for Baker's conviction for carrying a concealed weapon. Counsel argues that it was related to an assault conviction because the offenses were not separated by an intervening arrest and the cases had been consolidated for sentencing.

The district court properly concluded that Baker's convictions for carrying a concealed weapon and for assault were not related. Although the offenses were not separated by an intervening arrest, the cases were not "consolidated" for sentencing for purposes of U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 4A1.2(a)(2).

The cases proceeded under different docket numbers, did not arise from the same nucleus of facts, lacked an order of consolidation, and resulted in different sentences. *See Green v. United States*, 65 F.3d 546, 548–49 (6th Cir.1995). Moreover, the district court expressly ruled on defense counsel's objection on this matter, thus complying with Fed.R.Crim.P. 32(i)(3)(B). *See United States v. Corrado*, 227 F.3d 528, 540–41 (6th Cir.2000).

In his second issue, counsel considers whether the district court erred by denying the objection to the assessment of one criminal history point for Baker's conviction for obstructing official business. Counsel argues that the obstruction conviction was related to the assault conviction because the offenses were part of a common scheme, i.e., both were attempts to avoid police.

Because the first issue lacks merit, the second issue is moot. Even if Baker prevailed on the second issue, his criminal history category would not be affected. His criminal history points would be reduced from 12 to 11, and he would still be in criminal history category V.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.