**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leonard L. MYREE, Defendant–**
**Appellant.**

No. 03–5923.

United States Court of Appeals,
Sixth Circuit.

March 5, 2004.

Steven S. Neff, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Leonard L. Myree, Talladega, AL, pro se.

Christopher H. Steger, Miller & Martin, Chattanooga, TN, for Defendant–Appellant.

Before MERRITT and DAUGHTREY, Circuit Judges; and HOOD, District Judge.*

## ORDER

Leonard L. Myree, a federal prisoner, appeals the sentence imposed upon his convictions. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, a jury convicted Myree of two counts of possessing a firearm as a convicted felon (Counts 1 and 2) and one count of possessing ammunition as a convicted felon (Count 3), all in violation of 18 U.S.C. § 922(g). The district court originally sentenced Myree to 78 months in prison on Count 1, 78 months on Count 2, and 79 months on Count 3, to be served consecutively. On appeal, this court granted Myree's motion to remand, holding that the district court had erred by entering individual sentences on Counts 2 and 3. A new presentence investigation report was prepared, in which Myree's total offense level was calculated to be 31 and his criminal history category was calculated to be V. The government filed objections, arguing in part that Myree's offense level should be enhanced by two levels under the vulnerable victim guideline, USSG § 3A1.1 (b)(1), because three victims of the relevant conduct underlying Counts 2 and 3 were young children. Myree also filed

objections, arguing that two of his past convictions should be counted as one under USSG § 4A1.2(a)(2) for purposes of determining his criminal history category. At the resentencing hearing, the district court sustained the government's objection and denied Myree's objection, which resulted in a guideline range of imprisonment of 210 to 262 months. The district court then sentenced Myree to 115 months in prison on Count 1 and to 120 months in prison on Count 2, to be served consecutively. Because of this court's prior order, the district court did not impose a sentence as to Count 3.

Myree's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he has reviewed the entire record and has found no meritorious issues. Nonetheless, counsel submitted the § 3A1.1(b)(1) enhancement and the separate assessment of criminal history points for Myree's related convictions as issues which might arguably support an appeal. Myree has filed a response, raising the same issues.

Upon review, we conclude that counsel's motion to withdraw should be granted as he has filed an acceptable *Anders* brief.

In his first issue, counsel argues that an enhancement under § 3A1.1(b)(1) was not proper because Myree did not choose the location for his offense due to the vulnerable victims.

■ The district court properly determined that the vulnerable victim guideline applied. Myree had been found in possession of a firearm and ammunition after committing an armed robbery at a house

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

where a mother and her three young children, ages three, six, and eight, were present. During the robbery, Myree pointed the gun at the six year-old and demanded that she hand over a cell phone which had started to ring. He also pointed the gun at the children while ordering them and their mother to lie down on the floor. Thus, the children were victims of conduct relevant to the offense of conviction and were properly deemed to be vulnerable based on their ages. *See* USSG § 3A1.1(b)(1), comment. (n.2); *United States v. Brown*, 276 F.3d 211, 219 (6th Cir.), *cert. denied*, 535 U.S. 1079, 122 S.Ct. 1964, 152 L.Ed.2d 1024 (2002). Whether or not Myree chose the location for the armed robbery based on the vulnerability of the victims is immaterial. *See United States v. Curly*, 167 F.3d 316, 319 (6th Cir.1999).

In his next argument, counsel argues that the district court erred by denying the objection to the assessment of three criminal history points each for Myree's 1990 convictions for aggravated robbery and theft of property. Counsel argues that the two convictions were related because the offenses occurred on the same day and Myree pleaded guilty and was sentenced for both offenses on the same day.

▉ The district court properly concluded that Myree's aggravated robbery and theft of property convictions were not related. Although the offenses were not separated by an intervening arrest, the cases were not "consolidated" for sentencing for purposes of § 4A1.2(a)(2). The cases proceeded under different docket numbers, did not arise from the same nucleus of facts, lacked an order of consolidation, and resulted in different sentences. *See Green v. United States*, 65 F.3d 546, 548–49 (6th Cir.1995).

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.