**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Odell NEAL, Defendant–Appellant.**

**No. 03–3152.**

United States Court of Appeals,
Sixth Circuit.

March 10, 2004.

Before COLE and GILMAN, Circuit Judges; and SCHWARZER, District Judge.*

### ORDER

Odell Neal, represented by counsel, appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In September 2002, Neal pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. The district court sentenced Neal to 120 months of imprisonment, plus four years of supervised release, and ordered Neal to pay a $1,000 fine. Moreover, a forfeiture count in the indictment demanded that Neal forfeit a 1999 Dodge Intrepid. Neal has filed a timely appeal.

On appeal, Neal's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issues for review: 1) whether Neal was entitled to a reduction for his minor role in the offense; 2) whether his Criminal History Category score (CHC) is overstated; and 3) whether Neal was entitled to a downward departure because his past non-violent criminal history can be attributed to his gambling addiction. Neal has not responded to his counsel's motion to withdraw.

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

Upon review, we conclude that Neal is not entitled to a reduction for being a minor participant. This court has historically reviewed a district court's denial of a mitigating role adjustment for clear error, but has recently stated that the two-part standard of review used in the context of aggravating role adjustments, under which a district court's factual findings are reviewed for clear error while its legal conclusions are reviewed de novo, is equally appropriate in the context of mitigating role adjustments. *United States v. Roberts,* 223 F.3d 377, 379 (6th Cir.2000).

■ Regardless of the standard of review, no error occurred as Neal did not meet his burden of proof. In this case, Neal participated in a conspiracy to distribute cocaine that involved multiple defendants. However, Neal was held accountable only for his own conduct. Where the larger conspiracy is not taken into account in establishing the defendant's base offense level, no USSG § 3B1.2 adjustment is warranted. *Id.* at 380. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy—should the district court grant a downward adjustment for minor role in the offense." *United States v. Rodriguez DeVaron,* 175 F.3d 930, 943–44 (11th Cir.1999) (cited in *Roberts,* 223 F.3d at 380). Neal was not held responsible for all of the drugs that encompassed the entire conspiracy. Moreover, he offered no evidence to suggest that he played a minor role with respect to the drugs that were directly attributable to him. Thus, the district court properly denied his request for a reduction for his "minor role" in the offense.

■ We also conclude that the district court properly calculated Neal's CHC. Neal's 1992 convictions for a traffic violation and for drug abuse were not related for purposes of determining his CHC. Prior sentences imposed in related cases are to be treated as one sentence for purposes of assessing criminal history points. *See* USSG § 4A1.2(a)(2). "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest.... Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." USSG § 4A1.2, comment. (n.3). "[C]ases are not 'consolidated' for sentencing when they proceed to sentencing under separate docket numbers, do not arise from the same nucleus of facts, lack an order of consolidation, and result in different sentences. This is true even when the defendant pleads guilty to the offenses in the same court, at the same time, before the same judge." *Green v. United States,* 65 F.3d 546, 548–49 (6th Cir.1995). Here, the cases proceeded under different docket numbers and were not ordered to be consolidated. Hence, they were not "consolidated" for sentencing for purposes of § 4A1.2(a)(2).

■ Counsel correctly argues that the denial of Neal's request for a downward departure is not reviewable. We have consistently held that a district court's discretionary refusal to depart downward is not reviewable, unless the district court mistakenly believed it did not have legal authority to depart downward. *United States v. Henderson,* 209 F.3d 614, 617–18 (6th Cir.2000). Here, the sentencing judge expressly stated that he was aware of his authority to depart downward. In addition, the court stated that a downward departure would not be appropriate in this case, in part, because Neal had demonstrated a lack of concern for abiding by the

law and because his problems with drugs and gambling increased the possibility that he would engage in future criminal activity.

In addition, we have reviewed the record and discovered no error warranting reversal of Neal's conviction or sentence. Neal entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The record reflects that, during Neal's plea hearing, the district court explained the rights that Neal was waiving, determined that Neal had not been forced or pressured into pleading guilty, and explained the potential penalty associated with the guilty plea. The district court also determined that Neal understood the indictment to which he was pleading guilty. In addition, Neal acknowledged his guilt to the crime charged.

Finally, the district court properly sentenced Neal. Neal's Total Offense Level was 27 and he had a Criminal History Category score of V. This resulted in a guideline imprisonment range of 120–150 months. Thus, Neal's sentence of 120 months of imprisonment was within the applicable guideline range.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.