**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael BICKLEY, Defendant–
Appellant.**

No. 02–4372.

United States Court of Appeals,
Sixth Circuit.

April 28, 2004.

Robert E. Bulford, Asst. U.S. Attorney, U.S. Attorney's Office, Akron, OH, for Plaintiff–Appellee.

Anthony J. Vegh, Cleveland, OH, for Defendant–Appellant.

Before MERRITT and MOORE, Circuit Judges; and DUGGAN, District Judge.*

### ORDER

Michael Bickley, a federal prisoner, appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pursuant to a written plea agreement, Bickley pleaded guilty in 2002 to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). In the presentence investigation report, Bickley's guideline range of imprisonment was calculated as 188 to 235 months, based on an offense level of 31 and a criminal history category of VI. Counsel objected to the recommendation that Bickley should be sentenced as a career offender under USSG § 4B1.1, arguing that Bickley's two predicate felonies should be counted as one conviction. The district court denied the objection, granted a USSG § 5K1.1 motion by the government, and sentenced Bickley to 150 months in prison and 4 years of supervised release.

Bickley's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he has reviewed the entire record and has found no meritorious issues. Nonetheless, counsel submitted the validity of the plea and the district court's denial of Bickley's objection as issues which might arguably support an appeal. Bickley has not filed a response, despite being advised of his right to do so.

■ Upon review, we conclude that counsel's motion to withdraw should be granted as counsel has filed an acceptable *Anders* brief.

First, Bickley entered a valid plea. Rule 11 of the Federal Rules of Criminal Procedure sets forth the procedure to be followed by a district court in accepting a guilty plea. The purpose of Rule 11 is to ensure that a defendant understands the nature of his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of the plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg,* 862 F.2d 101, 106 (6th Cir.1988). A technical failure to comply with Rule 11 does not require vacating the guilty plea. *United States v. Syal,* 963 F.2d 900, 904 (6th Cir.1992). This court reviews compliance with Rule 11 under a harmless error standard. *Id.*

A review of the guilty plea transcript reveals that the district court complied with the requirements of Rule 11. After determining that Bickley was competent, the court explained the charge, the possible penalties, and Bickley's constitutional rights. Bickley confirmed that his attorney had adequately explained the plea agreement and that he was voluntarily entering a plea. Bickley then acknowledged the factual basis for the offense, and the court concluded by accepting his plea. There was no error in this regard. The validity of the guilty plea means that Bickley has waived any antecedent non-jurisdictional defects in his conviction. *See Tollett v. Henderson,* 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

Second, the district court did not err by concluding that Bickley's state felony convictions for aggravated drug trafficking and assault should be counted separately for purposes of the career offender guideline.

Prior sentences imposed in related cases are to be treated as one sentence for purposes of assessing criminal history points. *See* USSG § 4A1.2(a)(2). "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest.... Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." *Id.* at comment. (n.3). "[C]ases are not 'consolidated' for sentencing when they proceed to sentencing under separate docket numbers, do not arise from the same nucleus of facts, lack an order of consolidation, and result in different sentences. This is true even when the defendant pleads guilty to the offenses in the same court, at the same time, before the same judge." *Green v. United States,* 65 F.3d 546, 548–49 (6th Cir.1995).

Bickley's offenses were separated by his arrest for the first offense. Even if they had not been separated by an intervening arrest, the offenses could not be considered related. The cases were not consolidated for sentencing, despite the simultaneous entry of the guilty pleas, because the cases proceeded under separate docket numbers, arose from different facts, and lacked an order of consolidation.

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.