

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2007

# Hill v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4573

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hill v. Williamson" (2007). *2007 Decisions.* Paper 1199.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1199

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-182                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4573

JOHN A. HILL,
                    Appellant

v.

TROY WILLIAMSON

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-01049)
District Judge: Honorable Malcolm Muir

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 29, 2007

BEFORE: RENDELL, SMITH and JORDAN, <u>CIRCUIT JUDGES</u>

(Filed: April 26, 2007)

OPINION

PER CURIAM

        John A. Hill appeals the District Court's order dismissing his petition for a writ of

habeas corpus filed pursuant to 28 U.S.C. § 2241.  For the reasons given below, we will

affirm.

Hill was convicted in the United States District Court for the Northen District of Ohio of possession with intent to distribute cocaine base and marijuana (21 U.S.C. § 841(a)(1)) and unlawful possession of ammunition (18 U.S.C. § 922(g)(1)). After the Sixth Circuit Court of Appeals affirmed, United States v. Hill, 142 F.3d 305 (6th Cir. 1998), he filed a motion for collateral relief under 28 U.S.C. § 2255, which was denied. Hill v. United States, 109 F.Supp.2d 741 (N.D. Ohio 2000). Hill does not appear to have appealed the denial of that motion. He then filed a Rule 60(b) motion, which the court construed as an unauthorized second § 2255 motion and transferred to the Sixth Circuit Court of Appeals to be treated as an application for such authorization. The application was denied.

From his prison at USP Lewisburg, Hill subsequently filed a habeas corpus petition pursuant to § 2241, arguing that § 2255 is inadequate and ineffective because "its limitations of procedure does [sic] not afford review of a claim based upon an unconstitutional statute, the now excised Title 18 U.S.C. § 3553(b)(1) . . . and . . . the new interpretation of 21 U.S.C. § 841." Without mentioning the cases by name, he argues that in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), his indictment and conviction are invalid because the indictment did not specify, and the jury did not find, drug type and quantity, and that following United States v. Booker, 543 U.S. 220 (2005), the District Court lacked jurisdiction to sentence him.

The District Court dismissed the petition. The court explained that such claims should ordinarily be brought via § 2255 and that they do not meet the standard for

resorting to § 2241 as set forth by this Court in <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002), and <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997).  The court noted that even if this were not the case, Hill's claims would fail on the merits because <u>Apprendi</u> does not apply retroactively to cases on collateral review such as Hill's.  <u>See</u> <u>United States v. Swinton</u>, 333 F.3d 481 (3d Cir. 2003).  This appeal followed.[1]

We fully agree with the District Court's explanation of why § 2255 is not "inadequate and ineffective" with respect to Hill's claims.  It follows, as the District Court concluded, that § 2241 is not the proper means of raising those claims and, thus, that the District Court lacked jurisdiction to address them.  <u>See</u> <u>Application of Galante</u>, 437 F.2d 1164 (3d Cir. 1971).  Because the Hill's appeal does not present a substantial issue, we will summarily affirm the judgment of the District Court.

---

[1] We have jurisdiction under 28 U.S.C. § 1291.  Our review is plenary.  <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002).