**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Will Brian ODOM, Defendant–Appellant.**

**No. 98–6003.**

United States Court of Appeals, Sixth Circuit.

Argued: Nov. 2, 1999

Decided and Filed: Dec. 9, 1999

Thomas J. Gibson (argued and briefed), Federal Public Defender, Memphis, Tennessee, for Defendant–Appellant.

Tony R. Arvin (argued and briefed), Assistant U.S. Attorney, Memphis, Tennessee, for Plaintiff–Appellee.

Before: KEITH, NORRIS, and CLAY, Circuit Judges.

## OPINION

ALAN E. NORRIS, Circuit Judge.

Defendant Will Odom contends on appeal that the district court erred when it elected to sentence him as a career offender pursuant to U.S.S.G. § 4B1.1, since his prior felony convictions had been "consolidated" for sentencing as contemplated by Application Note 3 to U.S.S.G. § 4A1.2. For the reasons that follow, we affirm the judgment of the district court.

On January 9, 1998, defendant entered into a plea agreement with the government. In exchange for a plea of guilty to armed bank robbery, 18 U.S.C. § 2113(a) & (d), the government agreed to dismiss a firearms count, 18 U.S.C. § 924(c), and to make a motion for a downward departure based upon substantial assistance. The government subsequently made such a motion, which the district court granted. Defendant was sentenced to 128 months of imprisonment and three years of supervised release.

Defendant contests the determination that he was a career offender as defined by U.S.S.G. § 4B1.1, which provides in part as follows:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's

criminal history category in every case shall be Category VI.

U.S.S.G. § 4B1.1 (Nov.1997).[1]

██ The only dispute concerns the requirement· for two prior felony convictions. According to the pre-sentence report, defendant was arrested in Memphis, Tennessee, on October 18, 1993. He was charged with five armed robberies, all committed on different days in 1993 and involving four different victims. The trial court imposed five concurrent eight-year sentences. Defendant was paroled in 1996.

Defendant argues that his armed robbery convictions should be counted as a single conviction because they were related. *See* U.S.S.G. § 4A1.2(a)(2) (Nov.1997) (prior sentences imposed in related cases to be treated as one sentence). Application Note 3 of U.S.S.G. § 4A1.2 gives the following guidance in determining whether convictions are sufficiently related:

> *Related Cases. Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing . . . .*

U.S.S.G. § 4A1.2, comment (n.3).

The focus of defendant's argument is the third consideration: consolidation for sentencing. After receiving a copy of the presentence report, counsel for defendant in the instant action contacted former counsel for defendant in the state armed robbery cases to determine whether they had been consolidated. When former state counsel indicated that they had not been consolidated, federal counsel asked him to file a motion to do so. On April 1, 1998, a Tennessee state court judge signed an order of consolidation, stating that the cases "were consolidated for plea and sentencing on November 18, 1994, in order for defendant, Will B. Odom, to receive concurrent time, and the records should reflect such consolidation."

At the federal sentencing hearing, defense counsel argued "that it was the intention of the state court judge that the cases at issue were implicitly consolidated for sentencing." In his view, the state court order of consolidation simply corrected "omissions in the record."

The district court rejected counsel's argument in these terms:

> There can be no uniformity and certainty about the imposition of the career offender guidelines if whether a case is related or not is dependent on counsel's after-the-fact effort to obtain an order of consolidation from a state court judge.
>
> So the Court finds that the cases that Mr. Odom has were not consolidated for sentencing within the meaning of the commentary to the sentencing guidelines, and the after-the-fact order of consolidation does not change that because it has no effect on what the state court did and was apparently intended only to influence the federal proceeding.

██ While we typically review a district court's findings of fact in regard to whether convictions were consolidated for sentencing under a clearly erroneous standard, *United States v. McAdams*, 25 F.3d 370, 374 (6th Cir.1994), in this case we accord the district court "due deference" because we are reviewing not just factual findings but the district court's application of these findings to the guidelines. *See* 18 U.S.C. § 3742(e) (clear error review for findings of fact; due deference for application of guidelines to facts).

As the district court recognized, the leading case in our circuit on the issue of related cases is *United States v. Coleman*, 964 F.2d 564 (6th Cir.1992). As in our case, the *Coleman* panel faced the question whether two prior armed robbery convictions were consolidated for sentencing. In concluding that they had not been consoli-

---

1. The 1997 version of the Guidelines was used in this case.

dated, the court gave the following analysis:

> [T]he two 1975 Knox County armed robbery convictions were not consolidated for sentencing. Although final judgment was pronounced in both cases on the same day, October 3, 1975, the record as a whole reflects that the two convictions were, at all relevant times, treated separately and distinctly. There was no order by the trial court expressly or implicitly consolidating the cases for sentencing. In each case, there was a separate criminal complaint and separate indictment. The cases proceeded under separate court numbers....
>
> Coleman says his convictions for the two 1975 armed robberies were consolidated for sentencing because he was sentenced for both robberies on the same day in the same court and received concurrent sentences. These facts, in and of themselves, simply do not suggest that the cases were consolidated for sentencing.

*Id.* at 566–67 (citations omitted).

Turning to the case before us, we conclude that defendant's five armed robbery convictions were unrelated as that term is contemplated by the guidelines. Defendant committed the crimes over a period of months and they involved different victims; thus, they do not constitute a "single common scheme or plan." Furthermore, defendant was charged in five indictments that carried different case numbers for which he received separate, albeit concurrent, sentences.

Finally, under the circumstances of this case, the district court was correct in discounting the significance of the state court's order of consolidation when calculating the appropriate federal sentence. First, the order itself does not indicate that it is to have *nunc pro tunc* effect. Second, it appears that the order was ob-

tained in an *ex parte* proceeding: there is no indication in the record that the state prosecutor's office agreed to its terms. Third, the order appears to have been drafted by defense counsel and simply presented to the state judge for signature; there is nothing to indicate what background information, if any, was provided to the judge with respect to defendant. Fourth, defense counsel candidly admits that the order was obtained to help defendant obtain a reduced federal sentence. Fifth, consolidation of sentences is typically a way to provide defendants with enhanced opportunities for rehabilitation. Since defendant had already served his state court sentences, the order of consolidation here could have no rehabilitative component. Because of these deficiencies, we conclude that the district court correctly assigned it minimal weight in determining whether the state court convictions were related.[2]

The judgment of the district court is **affirmed.**

---

2. In reaching this conclusion, we are not saying that an order of consolidation obtained belatedly should never be considered as evidence of relatedness. To have probative value, however, at a minimum the record should reflect that the prosecution was apprised of the motion to consolidate and that the state court judge was aware of the circumstances of the case, as well as the significance of the order with respect to the pending federal sentencing.