**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Courtney SHAW, Defendant–Appellant.**

No. 00–6348.

United States Court of Appeals,
Sixth Circuit.

Sept. 25, 2001.

Before KENNEDY, GUY, and BOGGS, Circuit Judges.

Courtney Shaw appeals his judgment of conviction and sentence. Counsel for both parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Shaw pleaded guilty to seventeen counts of possessing with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Shaw to 188 months of imprisonment and four years of supervised release, and the court imposed a $1700 special assessment. In this timely appeal, Shaw argues that the district court improperly concluded that two prior convictions were not related for sentencing purposes under U.S.S.G. § 4A1.2(a)(2).

Upon review, we conclude that the district court properly sentenced Shaw. This court reviews for clear error the district court's factual findings underlying the defendant's sentence, *United States v. Clements,* 144 F.3d 981, 982 (6th Cir.1998), and gives due deference to the district court's application of the Sentencing Guidelines to the facts. *United States v. Kushmaul,* 147 F.3d 498, 500 (6th Cir.1998). However, this court reviews de novo the district court's application of the Guidelines when the application presents a purely legal question. *United States v. Moerman,* 233 F.3d 379, 380 (6th Cir.2000).

Shaw argues that the district court should have considered two prior convictions related for sentencing purposes. In July 1994, Shaw was charged in state court with possessing with intent to sell cocaine; in November of that same year, Shaw was charged in state court with a separate offense for selling cocaine. Although Shaw was convicted in separate judgments for these offenses, he was sentenced to concurrent terms of four years of imprisonment for the two convictions. In calculating Shaw's criminal history, the district court counted these two convictions separately. Shaw argues that, since the sentences for the convictions were run concurrently, the convictions should be considered related and counted as one sentence.

Shaw's argument is without merit. Under U.S.S.G. § 4A1.2(a)(2), prior sentences imposed in unrelated cases are treated separately, but prior sentences imposed in related cases are counted as one sentence. Prior sentences are to be considered related if they result from offenses that: 1) occurred on the same occasion; 2) are part of a single common scheme or plan; or 3) were consolidated for trial or sentencing. U.S.S.G. § 4A1.2, comment. (n.3). However, prior convictions are not considered related merely because concurrent sentences were imposed. *United States v. Odom*, 199 F.3d 321, 323–24 (6th Cir.1999), *cert. denied*, 529 U.S. 1078, 120 S.Ct. 1697, 146 L.Ed.2d 502 (2000). Since it is undisputed that Shaw's prior convictions did not occur at the same time, were not part of a common scheme, and were not consolidated, they are not considered related under § 4A1.2.

Accordingly, this court affirms the district court's judgment.