**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Teros Anderson SWEENEY,**
**Defendant–Appellant.**

No. 02–6499.

United States Court of Appeals,
Sixth Circuit.

Sept. 22, 2003.

Steve H. Cook, Asst. U.S. Attorney, U.S. Attorney's Office, Knoxville, TN, for Plaintiff–Appellee.

Kim A. Tollison, Asst. F.P. Defender, Federal Defender Services, Knoxville, TN, Nikki C. Pierce, Federal Defender Services of Eastern Tennessee, Greeneville, TN, for Defendant–Appellant.

Before KRUPANSKY, BOGGS, and CLAY, Circuit Judges.

### ORDER

This federal prisoner appeals a district court judgment denying a motion to withdraw his guilty plea and the sentence of imprisonment entered upon his guilty plea. The parties have expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Teros Anderson Sweeney pleaded guilty pursuant to a negotiated agreement to committing a robbery and thereby perpetrating an offense under the Hobbs Act in violation of 18 U.S.C. § 1951, and using and carrying a firearm in relation to the robbery in violation of 18 U.S.C. § 924(c). The presentence report was prepared and disclosed to the parties. Sweeney had no objections to the report or the sentencing guideline calculations contained in the report.

Five days before sentencing, Sweeney moved the district court to dismiss the charges and moved to withdraw his guilty plea. The district court conducted a hearing and denied both motions. The district court sentenced Sweeney to fifty-one months on the Hobbs Act conviction and eighty-four months on the firearm conviction, to be served consecutively, plus a five-year term of supervised release.

In his timely appeal, Sweeney contends that: 1) the district court should have allowed him to withdraw his guilty plea because the Hobbs Act is an unconstitutional exercise of congressional power both on its face and as applied to him; and 2) the district court erred in its sentence calculation by treating as separate cases two previous misdemeanor theft convictions.

■ We review the district court's judgment denying Sweeney's motion to withdraw his guilty plea for abuse of discretion. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir.1996); *United States v. Bashara*, 27 F.3d 1174, 1180 (6th Cir.1994), *superseded on other grounds by statute, United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir.2000). Under Fed. R.Crim.P. 32(e), the court may permit a defendant to withdraw a plea prior to sen-

tencing if he shows any "fair and just reason" for the withdrawal. To that end, the defendant has the burden of proving the existence of a "fair and just reason" supporting the withdrawal of his guilty plea. *Bazzi,* 94 F.3d at 1027. In determining whether the defendant has demonstrated a fair and just reason, the court considers the following factors: 1) the amount of time that elapsed between the plea and the motion to withdraw; 2) the presence of a valid reason for not moving to withdraw earlier; 3) whether the defendant has maintained his innocence; 4) the circumstances underlying the guilty plea; 5) defendant's background; 6) defendant's prior experience with the criminal justice system; and 7) the potential prejudice to the government if the motion is granted. *See Bashara,* 27 F.3d at 1181.

Sweeney did not demonstrate a "fair and just reason" for withdrawal. A significant amount of time had elapsed between Sweeney's guilty plea and his motion to withdraw the plea. On August 16, 2002, Sweeney pleaded guilty. He moved to withdraw his guilty plea on November 8, 2002. Thus, nearly seven weeks had elapsed. Rule 32(e) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone." *United States v. Alexander,* 948 F.2d 1002, 1004 (6th Cir.1991) (citing *United States v. Carr,* 740 F.2d 339, 345 (5th Cir.1984)). The rule is not designed to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty. *Id.* Sweeney clearly waited several weeks before making his motion to withdraw his guilty plea, and he offers no explanation for why he did not move to withdraw earlier.

In addition, after Sweeney informed the court of his decision to plead guilty, the district court engaged in a colloquy with Sweeney in accordance with Federal Rule of Criminal Procedure 11(d)[1] to insure that the plea was being voluntarily made. The sum and substance of this colloquy reveal that all steps possible were taken to insure that Sweeney made the plea freely without threat or coercion, that he understood that he had constitutional rights and that by pleading guilty he was forfeiting those rights, that he understood the nature of the charges to which he was pleading, as well as the possible penalties associated with each charge, and that Sweeney had discussed the charges and penalties with his counsel. At the end of this colloquy, the government stated the factual basis for its case on the record, Sweeney admitted that the facts were true, and pleaded guilty. The record does not support a finding that Sweeney entered the plea with "unsure heart and confused mind." *See Alexander,* 948 F.2d at 1004.

Sweeney did not demonstrate a valid reason for moving to withdraw. Defendant contends that the interstate commerce nexus required by the Hobbs Act is lacking under the stipulated facts, and that the Hobbs Act is unconstitutional in light of *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). On appeal, Sweeney concedes, as he must, that this court requires only a *de minimis* connection to interstate commerce to support a conviction under the Hobbs Act where a defendant's criminal conduct involves robbery of a business. *See United States v. Mills,* 204 F.3d 669, 671 (6th Cir.2000); *United States v. Smith,* 182 F.3d 452, 456 (6th Cir.1999). Sweeney robbed a business, not a private party, and the business was involved in interstate commerce.

Sweeney has never maintained his innocence. He pleaded guilty pursuant to a

---

1. After Sweeney's plea colloquy, Federal Rule of Criminal Procedure 11 was amended. The relevant colloquy requirements are now found in Fed.R.Crim.P. 11(b)(2).

negotiated plea agreement whereby one of the counts of the indictment was dismissed, and by pleading guilty he received a three-level reduction in his offense level for acceptance of responsibility. Finally, Sweeney's prior state convictions strongly suggest that he is no stranger to the judicial process. Thus, Sweeney failed to meet his burden of demonstrating a just and fair reason to support his motion to withdraw his guilty plea. The district court did not abuse its discretion.

■ The district court did not err in its sentence calculation by treating as separate cases two previous misdemeanor theft convictions. Sweeney contends that two of his prior sentences are related and should have been considered related under USSG § 4A1.2(a)(2). Because Sweeney did not object to the purported sentencing error in the district court, we review his contention for plain error that affects the substantial rights of a party. Fed.R.Crim.P. 52(b); *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996).

The district court did not err. Sweeney contends that the two prior sentences are related because he was arrested for both offenses on the same date, and the offenses were consolidated for trial and sentencing. Prior convictions are not "related cases" within the meaning of application note 3 of § 4A1.2 of the Guidelines when the record reflects that the convictions were treated "separately and distinctly," as evidenced by, for example, the use of separate criminal complaints, separate indictments, or separate case numbers. *United States v. Coleman*, 964 F.2d 564, 566 (6th Cir.1992); *accord United States v. Odom*, 199 F.3d 321, 324 (6th Cir.1999) (refusing to find that prior convictions were consolidated because defendant's crimes were committed over a period of months, involved different victims, and were charged in different indictments with different case numbers for which he received separate sentences); *United States v. McAdams*, 25 F.3d 370, 374 (6th Cir. 1994) (affirming district court finding that prior convictions were "not consolidated for sentencing because the offenses proceeded to sentencing under separate docket numbers, they were not factually related, there was no order of consolidation, there were separate entries of judgment on separate sheets of paper, and different sentences were levied in the different cases"). The record reveals that Sweeney's prior convictions are not related. The sentences imposed were imposed on separate convictions from separate offense conduct against separate victims on different days. Moreover, the charges were indicted in separate cases.

Accordingly, we hereby affirm the district court's judgment.