UNITED STATES of America,
Plaintiff,

v.

Earl A. SERRAO, Jr., Defendant.

No. Cr. 03–00453 SOM.

United States District Court,
D. Hawai'i.

Jan. 13, 2004.

Edric Ming–Kai Ching, Assistant United States Attorney, Office of the United States Attorney, Honolulu, HI, for Plaintiff.

Alexander Silvert, Office of the Federal Public Defenders, Honolulu, HI, for Defendant.

*ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT.*

MOLLWAY, District Judge.

## I. *INTRODUCTION.*

Defendant Earl Serrao, Jr., has moved to dismiss the indictment charging him with having violated 18U.S.C. §§ 922(g) and 924(a)(2), which prohibit a person who has been convicted of a misdemeanor crime of domestic violence from possessing a firearm or ammunition. While Serrao concedes that he pled no contest in state court to Assault in the Third Degree, he argues that the record does not establish that he used force. As federal law requires that the predicate domestic violence conviction have involved the use of physical force, Serrao says that the assault cannot satisfy an element of the federal indictment. The Government contends that a conviction for Assault in the Third Degree necessarily involves the use of more than de minimus force and that the record demonstrates that Serrao pled no contest to conduct involving the use of force. Serrao's motion is GRANTED.

## II. *BACKGROUND FACTS.*

Serrao is charged under 18 U.S.C. §§ 922(g) and 924(a)(2) with possessing a firearm and ammunition while previously having been convicted of a misdemeanor crime of domestic violence. The Government relies on Serrao's no contest plea to Assault in the Third Degree in 1995 as the predicate misdemeanor conviction of domestic violence.

On July 21, 1994, Serrao was charged in the Family Court of the Third Circuit, State of Hawaii, with the "offense of Abuse of a Family and Household Member" pursuant to Haw.Rev.Stat. § 709–906(1). The Family Court record included a complaint that described Serrao as having kicked and hit a person that the parties agree was

Serrao's wife. The matter was transferred to the District Court of the Third Circuit, State of Hawaii. The same judge who presided over the state District Court case also served as the Family Court judge. On November 29, 1994, the State orally amended the charge to Assault in the Third Degree, pursuant to Haw.Rev.Stat. § 707–712. There is no record of a written charging document or a written criminal complaint in the state District Court. Serrao pled no contest to the amended complaint, and the Family Court charge was dismissed.

The colloquy between the judge and Serrao when Serrao pled no contest was very brief. The transcript does not include any discussion by anyone at the hearing of the facts underlying the assault charge. Nor does the transcript include any admission by Serrao of any action he took.

## III. *STANDARD OF REVIEW.*

■ Rule 12(b) of the Federal Rules of Criminal Procedure allows the consideration at the pretrial stage of any defense that "is capable of determination without the trial of the general issue." A motion to dismiss is generally "capable of determination" before trial if it involves questions of law rather than fact. *United States v. Nukida,* 8 F.3d 665, 669, *appeal after remand,* 87 F.3d 1324, 1996 WL 340777 (9th Cir.1996). An indictment is only required to "be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1).

■ An indictment will withstand a motion to dismiss if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his or her defense; (2) to ensure the defendant that he or she is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable the defendant to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge. *United States v. Rosi,* 27 F.3d 409, 414 (9th Cir.1994); *United States v. Bernhardt,* 840 F.2d 1441, 1445 (9th Cir.1988).

## IV. *ANALYSIS.*

It is illegal for anyone "who has been convicted in any court of a misdemeanor crime of domestic violence" to possess a firearm. 18 U.S.C. § 922(g)(9). A "misdemeanor crime of domestic violence" is defined as a misdemeanor that "has as an element, the use or attempted use of physical force, or threatened use of a deadly weapon, committed by a current or former spouse...." 18 U.S.C. § 921(a)(33)(A)(ii). The Ninth Circuit has held that the "phrase 'physical force' in the federal definition at 18 U.S.C. § 921(a)(33)(A)(ii) means the violent use of force against the body of another individual." *United States v. Belless,* 338 F.3d 1063, 1068 (9th Cir.2003).

In *Belless,* the court ruled that a Wyoming statute that defined battery as "unlawfully touching another in a rude, insolent, or angry manner, or intentionally, knowingly, or recklessly causing bodily injury to another" did not satisfy the physical force requirement because one could be convicted of battery based on the use of de minimus force. *Id.* Belless had been charged with conduct that was violent, and not merely a rude touching; however, the record did not "reveal the conduct to which he pleaded and for which he was convicted." *Id.* at 1069. Therefore, the earlier conviction could not serve as the predicate offense for the federal charge. *Id.; see also United States v. Velasco–Medina,* 305 F.3d 839, 850–51 (9th Cir.2002).

■ Serrao argues that Hawaii's Assault in the Third Degree statute criminalizes conduct not involving the use of physical force and that there is no record

revealing the conduct that Serrao admitted to when he pled no contest in 1994. Mot. at 4. Therefore, he argues, this conviction cannot serve as the predicate offense for the current federal charges. *Id.* The court agrees.

Under Hawaii law, a person commits Assault in the Third Degree if he "intentionally, knowingly, or recklessly causes bodily injury to another person." H.R.S. § 707–712(a). Bodily injury is defined as "physical pain, illness, or any impairment of physical condition." H.R.S. § 707–700. Nonforceful conduct can cause physical pain, illness, or impairment of physical condition. Oral threats, for example, could cause illness. Force is thus not a required element for an Assault in the Third Degree conviction.

Moreover, the record before this court does not demonstrate that Serrao pled to conduct that involved the use of physical force. In the Family Court, Serrao was charged with Abuse of Family and Household Member. The Family Court complaint clearly alleged the use of violent physical force. *See* Ex. A. However, Serrao did not plead to this charge. Serrao pled no contest to an amended charge of Assault in the Third Degree. The charge was amended orally and there is no evidence before this court of the facts underlying the amended charge. The transcript of Serrao's plea proceeding does not include any admission by Serrao of acts constituting any specific form of assault. *See* Ex. G. *See also United States v. Etimani,* 328 F.3d 493, 504 (9th Cir.2003) (noting that a plea colloquy may clarify the exact nature of the prior conviction). Because "the record does not reveal the conduct to which he pleaded and for which he was convicted," the state conviction cannot serve as a predicate offense. *Belless,* 338 F.3d at 1063.

■ The Government attempts to cure the deficiency in the record by submitting two declarations from Sandra Freitas, the prosecutor in the state case. *See* Exs. F, H. Freitas states that, at the time of Serrao's plea, state District Court judges served the dual function of District and Family Court judges. Ex. F. ¶ 3. She states that she orally amended the charge, but that the amended charge was based on the same facts presented in the original police report, No. E–30427, referred to in the Family Court complaint. Ex. H ¶ 1.[1] She says that such oral amendments were not uncommon. Ex. F ¶ 6.

Serrao contends that it is improper for the court to even consider the declarations by Freitas. Supp. Mot. at 2. Serrao argues that considering the declarations would improperly turn the proceedings into mini-trials on the issue of what prior crimes were committed. *Id.; see United States v. Bonat,* 106 F.3d 1472, 1476 (9th Cir.1997). The court disagrees.

In *United States v. Sweeten,* 933 F.2d 765, 769–70 (9th Cir.1991), the Ninth Circuit held that it would be error for a district court to restrict its consideration to the original judgment of conviction and corresponding criminal statute if also presented with "documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes." The facts of *Sweeten* are analogous to the present case. In *Sweeten,* the prosecutor submitted an ex parte, nunc pro tunc order eleven years after the original conviction. The order stated that a typographical error had caused the original judgment to mischaracterize Sweeten's offense. *Id.* at 767. The Ninth Circuit held that a court could not rely *"solely"* on an ex parte, after the fact order to establish the earlier predicate offense. *Id.* at 769 (italics original). How-

---

**1.** She explains that the Family Court complaint's incorrect reference to police report

No. E–30472 instead of E–30427 is nothing more than a typographical error. Ex. H ¶ 2.

ever, the court held that, because other documentation provided by the government, "alongside the nunc pro tunc order," demonstrated the earlier conviction did involve the use of force, the conviction could serve as a predicate offense. *Id.* Just as consideration of the ex parte order was not improper in *Sweeten,* it is not improper here.[2]

■ Moreover, considering the declarations will not force this court to conduct a mini-trial to determine what acts Serrao committed. This court's inquiry is limited to what Serrao pled guilty to, not what acts he committed. *See United States v. Delgado,* 288 F.3d 49, 53 (1st Cir.2002) (distinguishing between an inquiry into what the defendant pled guilty to and an inquiry into the "violent or non-violent nature" of the particular conduct); *see also United States v. Franklin,* 235 F.3d 1165, 1172 (9th Cir.2000) (permitting review of documents to determine whether defendant "plead [sic] guilty, to all the requisite facts" to render the prior convictions a predicate offense).

■ At the hearing, Serrao offered a further reason to strike the declarations from the record. He argued that, as the government had not offered live testimony by Freitas, he had not had the opportunity to cross-examine Freitas. He said it was therefore improper for the court to consider the declarations. However, the court had granted Serrao's application for subpoenas of Freitas and others so that Serrao could conduct cross-examination. Serrao had not arranged for the subpoenas to be served. The court offered to continue the hearing to provide Serrao another op-

portunity to subpoena Freitas. Serrao declined. Under these circumstances, the court is unpersuaded by Serrao's argument about cross-examination.

This court can, and in fact must, consider Freitas's declarations to determine whether the record submitted "clearly establish[es]" that the prior offense involved the use of physical force. *Sweeten,* 933 F.2d at 769. It is the Government's burden to establish what a defendant "actually admitted in a plea." *Franklin,* 235 F.3d at 1165. The Government has not met its burden.

■ Freitas's declaration states that she intended and understood that Serrao pled based on the facts alleged in the initial Family Court complaint. This court, however, can only give limited weight to an ex parte document prepared many years after the fact. *See Odom,* 199 F.3d at 324; *Sweeten,* 933 F.2d at 769. More importantly, the key inquiry is what Serrao admitted while pleading, not what the prosecutor intended and understood him to be admitting. Freitas's declaration sheds little light on the specific facts that Serrao admitted. In all probability, Serrao understood that he was pleading no contest to Assault in the Third Degree based on the allegations in the initial Family Court complaint. The judge in all probability was accepting the plea thinking that it involved the acts complained of in the Family Court file. That may explain the inclusion in the sentence of conditions that Serrao not threaten or harm his wife and that he complete an anger management program. But the "clearly establish" standard requires more than a mere likelihood.

---

**2.** The Sixth Circuit has reached a similar conclusion. *See United States v. Odom,* 199 F.3d 321 (6th Cir.1999). In *Odom,* defense counsel obtained, four months after the defendant pled guilty to five armed robberies, an ex parte order from the state court judge stating that the prior armed robbery convictions had

been consolidated. *Id.* 323–24. The Sixth Circuit ruled that the district court correctly assigned this order "minimal weight" in determining whether defendant was a career offender. *Id.* at 324. Implicitly, the court held that it was not improper for the district court to consider such an ex parte document.

The record does not "clearly establish" the facts to which Serrao pled no contest. *See Sweeten,* 933 F.2d at 769. The court, therefore, cannot determine what Serrao pled guilty to, and the prior state conviction cannot serve as a predicate for a § 922(g) or § 924(a)(2) charge.

## V. CONCLUSION.

For the reasons stated above, Serrao's motion to dismiss is GRANTED. Serrao is released from detention in connection with the present case. The Clerk of Court is instructed to enter judgment in favor of Serrao and to close the case file.

IT IS SO ORDERED.