UNITED STATES of America,
Plaintiff–Appellee,

v.

Phillip R. CONLEY, Defendant–
Appellant.

No. 03–5039.

United States Court of Appeals,
Sixth Circuit.

Feb. 19, 2004.

Paul W. Laymon, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Paul Bergmann, III, Chattanooga, TN, for Defendant–Appellant.

Before NORRIS, GILMAN, and ROGERS, Circuit Judges.

*ORDER*

Phillip R. Conley, represented by counsel, appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In September 2002, Conley pleaded guilty to knowingly distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) &

(b)(1)(C). The district court sentenced Conley as a career offender to 188 months of imprisonment, plus six years of supervised release. Conley has filed a timely appeal.

On appeal, Conley's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issue for review: whether the district court erred when it sentenced Conley as a career offender. Conley has not responded to his counsel's motion to withdraw.

■ Upon review, we conclude that the district court properly sentenced Conley as a career offender. Conley did not raise his argument before the sentencing court, and thus he has forfeited his right to assert this issue on appeal. *See United States v. Kincaide*, 145 F.3d 771, 784 (6th Cir.1998). However, we may review an error to which no objection was made in the district court if it constitutes plain error that affects the substantial rights of a party. *See* Fed. R.Crim.P. 52(b); *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996).

The district court did not commit plain error when it sentenced Conley as a career offender. A defendant is subject to enhanced penalties as a career offender under the guidelines if: 1) he was at least eighteen years old at the time of the instant offense, 2) the instant offense is a felony that is either a crime of violence or one involving a controlled substance, and 3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. USSG § 4B1.1; *United States v. Robertson*, 260 F.3d 500, 508–09 (6th Cir.2001).

It is undisputed that Conley meets the first two criteria for career offender status. Moreover, the record clearly reflects that he had at least two prior felony convictions involving a controlled substance offense. In September 1996, Conley was arrested for nine separate sales of crack cocaine and charged in nine separate indictments with felony drug offenses. Subsequently, Conley pleaded guilty to all nine separately charged crack cocaine sales. The court sentenced him to four years of imprisonment for one of his drug convictions (Docket No. S9600068), and ordered the sentence to be served consecutively to concurrent six-year terms of imprisonment for the remaining drug convictions (Docket Nos. S9600060–S9600067).

Conley's counsel correctly argues in his *Anders* brief that the district court properly determined that these offenses were separate, and that it properly relied on seven of these prior convictions as predicate offenses for determining Conley's career offender status. Prior convictions are not "related cases" within the meaning of Application Note 3 of United States Sentencing Guidelines § 4A1.2 when the record reflects that the convictions were treated "separately and distinctly," as evidenced by, for example, the use of separate criminal complaints, separate indictments, or separate case numbers. *United States v. Coleman*, 964 F.2d 564, 565–66 (6th Cir.1992); *accord United States v. Odom*, 199 F.3d 321, 324 (6th Cir.1999). The record reveals that Conley's prior convictions are not related. The sentences were imposed on separate convictions for conduct committed on different days. Moreover, the offenses were charged in separate indictments. Hence, the district court properly sentenced Conley as a career offender.

■ In addition, we have reviewed the record and have discovered no error warranting reversal of Conley's conviction or sentence. Conley entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. Unit-*

*ed States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The record reflects that, during Conley's plea hearing, the district court explained the rights that Conley was waiving, determined that Conley had not been forced or pressured into pleading guilty, and explained the potential penalty associated with the guilty plea. The district court also determined that Conley understood the indictment to which he was pleading guilty. In addition, Conley acknowledged that he had sold crack cocaine to a confidential informant.

 Finally, the district court properly sentenced Conley. Conley's Total Offense Level was 31 and he had a Criminal History Category score of VI. This resulted in a guideline imprisonment range of 188–235 months. Thus, Conley's sentence of 188 months of imprisonment was within the applicable guideline range.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.