UNITED STATES of America,
Plaintiff–Appellee,

v.

Anthony Lee COLEMAN,
Defendant–Appellant.

Nos. 91–5582, 91–5641.

United States Court of Appeals,
Sixth Circuit.

Argued March 30, 1992.

Decided May 20, 1992.

Michael Winck, David Dake (argued and briefed), Asst. U.S. Attys., Jerry G. Cunningham, U.S. Atty., Knoxville, Tenn., for plaintiff-appellee.

James H. Varner, Jr. (argued and briefed), Eshbaugh, Simpson & Varner, Knoxville, Tenn., for defendant-appellant.

Before: KEITH and SILER, Circuit Judges; and COHN, District Judge.*

COHN, District Judge.

I.

Anthony Lee Coleman (Coleman) appeals his 180 month prison sentence resulting

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

from his conviction for: (1) burglary with intent to steal controlled substances in violation of 18 U.S.C. § 2118(b) (2) possessing controlled substances with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), and (3) conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. § 846. In particular, Coleman seeks a remand for resentencing on the ground that the District Court erroneously determined he was a career offender under the Sentencing Guidelines. U.S.S.G. § 4B1.1. The District Court found that Coleman was a career offender because he had been convicted of at least two prior felonies that were crimes of violence. We AFFIRM the sentence imposed because the District Court correctly sentenced Coleman as a career offender under the Sentencing Guidelines even though he had been sentenced in the two felonies on the same day by the same judge.

## II.

On October 2, 1990, a federal grand jury indicted Coleman and charged him with: (1) unlawfully entering a pharmacy with intent to steal controlled substances in violation of 18 U.S.C. § 2118(b) (Count I), and (2) several counts of possessing controlled substances with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Counts II–VII). On December 4, 1990, a federal grand jury indicted Coleman for: (1) conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. § 846 (Count I), (2) unlawful entry of a pharmacy with intent to steal controlled substances in violation 18 U.S.C. § 2118(b) (Count II), and (3) possessing controlled substances with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Counts III–XIV). On December 12, 1990, Coleman agreed to plead

guilty to: (1) Count I and Count II of the October 2, 1990 indictment, and (2) Count I of the December 4, 1990 indictment. All of the other pending charges against Coleman were to be dismissed.

A presentence report recommended that Coleman be considered a career offender. Such a determination would increase Coleman's base offense level from 24 (after a two point adjustment for acceptance of responsibility) to 30, thereby enhancing his guideline range of imprisonment to at least 168 months but not more than 210 months.[1] Coleman objected, contending that the report miscalculated his criminal history points and that treating him as a career offender was wrong since he had only one prior felony conviction for a crime of violence. The District Court conducted an evidentiary hearing on the objections and concluded that Coleman had two prior convictions for armed robbery, in 1975, and a third prior conviction for a burglary which constituted a crime of violence, in 1984,[2] and as a result should be sentenced as a career offender under the Sentencing Guidelines. Subsequently, the District Court sentenced Coleman to 180 months imprisonment on Count İ of October 2, 1990 indictment, 180 months imprisonment on Count II of the October 2, 1990 indictment and 180 months on Count I of the December 4, 1990 indictment, to be served concurrently.

## III.

### A.

A defendant is a career offender under the Sentencing Guidelines if: (1) he or she was at least 18 years old at the time of the instant offense, (2) the instant offense is a felony that is either a crime of violence[3] or one involving a controlled sub-

---

1. The District Court's determination that Coleman is a career offender had no effect on his criminal history category of VI. Coleman had a multitude of prior convictions.

2. Coleman says his 1984 conviction for burglary could not be considered in determining whether he is a career offender, because it was not a crime of violence. This issue is moot in light of

our finding, *infra,* that the two 1975 armed robbery convictions were not consolidated for sentencing and therefore they, standing alone, necessitate a determination that Coleman was a career offender.

3. The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year

stance, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. Prior convictions imposed in related cases are to be treated as one conviction for purposes of determining whether a defendant is a career offender. U.S.S.G. § 4B1.2 commentary; U.S.S.G. § 4A1.2(2). Cases are related if they: (1) occurred on a single occasion, (2) were part of a single common plan or scheme, or (3) were consolidated for sentencing. U.S.S.G. § 4A1.2 commentary.

Coleman does not dispute that the first two prongs of the test under U.S.S.G. § 4B1.1 were met, namely that he was at least 18 years old at the time of the instant offenses and the instant offenses are crimes of violence or involve controlled substances.

■ The question here is whether or not the District Court properly determined that Coleman's two 1975 armed robbery convictions were not consolidated for sentencing.[4] On April 8, 1975, Coleman was charged in the Criminal Court for Knox County, Tennessee with the armed robbery of Scott Bishop (Bishop) on April 7, 1975. On April 11, 1975, Coleman was charged in the same court with the armed robbery of Doris Treece (Treece) on April 6, 1975. Coleman was subsequently convicted of both armed robberies.

It is undisputed that if the two 1975 armed robbery convictions were not consolidated for sentencing, then Coleman is a career offender because he would have two prior felony convictions. U.S.S.G. § 4B1.1. Coleman also does not dispute that the 1975 armed robbery convictions were crimes of violence.

Coleman says his convictions for the armed robberies were "consolidated for sentencing" and were, therefore, "related cases," and as a consequence constitute a single conviction for purposes of determining whether he is a career offender under the Sentencing Guidelines. No federal court has provided an all-encompassing definition of the term "consolidated for sentencing" and we do not purport to do so here.

**B.**

We find that, on the particular facts here, the District Court did not commit clear error in determining that the two 1975 Knox County armed robbery convictions were not consolidated for sentencing. Although final judgment was pronounced in both cases on the same day, October 3, 1975, the record as a whole reflects that the two convictions were, at all relevant times, treated separately and distinctly. There was no order by the trial court expressly or implicitly consolidating the cases for sentencing. In each case, there was a separate criminal complaint and separate indictment. The cases proceeded under separate court numbers. Coleman's guilt as to the armed robbery of Bishop was determined by a jury on September 18, 1975, which under then applicable Tennessee law set his punishment at 12 years. Coleman's guilt as to the armed robbery of Treece was determined by the trial court on October 3, 1975 when he pleaded guilty to the crime. His sentence of 20 years imprisonment in the Treece case resulted from a plea agreement, which was accepted by the trial court. *See United States v. Rivers*, 929 F.2d 136, 139 (4th Cir.1991) (different sentences levied in different cases is evidence that cases were not consolidated for sentencing even though sentencing for both cases was imposed at the same time and by the same court). In light of these undisputed facts, Coleman's two 1975 armed robberies were not consolidated for sentencing, and thus did not count only as one

---

that: (1) has as an element the use, attempted use, or threatened use of physical force against a person, or (2) is a burglary of a dwelling, arson, or extortion, involving the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2(1).

4. An appellate court is not to disturb the District Court's findings of fact unless they are clearly erroneous. 18 U.S.C. § 3742(c). Further an appellate court is to give due deference to the District Court's application of the Sentencing Guidelines to the particular facts of the case. *Id.*

conviction for purposes of determining whether he is a career offender. *See generally United States v. Metcalf,* 898 F.2d 43, 46 (5th Cir.1990) (cases are not consolidated when offenses proceeded to sentencing under separate docket numbers, cases not factually related, and there was no order of consolidation). Therefore, because the 1975 armed robbery convictions constitute separate convictions for crimes of violence under the Sentencing Guidelines, the District Court properly determined that Coleman was a career offender.

Coleman says his convictions for the two 1975 armed robberies were consolidated for sentencing because he was sentenced for both robberies on the same day in the same court and received concurrent sentences. These facts, in and of themselves, simply do not suggest that the cases were consolidated for sentencing. *See United States v. Smith,* 905 F.2d 1296, 1303 (9th Cir.1990) (defendant's receiving concurrent sentences for separate offenses does not mean that the cases were consolidated for sentencing); *United States v. Jones,* 899 F.2d 1097, 1101 (11th Cir.1990) (same); *United States v. Flores,* 875 F.2d 1110, 1114 (5th Cir.1989) (same). *See also Metcalf,* 898 F.2d at 46 (sentencing of two cases on same day does not necessitate finding of consolidation).