Before NORRIS and DAUGHTREY, Circuit Judges, and ZATKOFF,* Chief District Judge.

ZATKOFF, Chief District Judge.

Gregory Lewis, a federal prisoner, appeals his sentence pursuant to 28 U.S.C. § 1291. On September 23, 1999, Lewis was convicted by a jury on one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, three counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Lewis to 360 months in prison, plus five years super-

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gregory J. LEWIS, Defendant– Appellant.**

**No. 99–6341.**

United States Court of Appeals, Sixth Circuit.

May 21, 2001.

---

* The Honorable Lawrence P. Zatkoff, Chief Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

vised release. Lewis's conviction in the instant case is not at issue in this appeal, but rather Lewis contends the district court improperly sentenced him as a career offender under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. Lewis argues that his two prior convictions are "related" and should be considered a single offense for sentencing purposes. If the two prior convictions are deemed to be related, Lewis would not meet the definition of a career offender and his sentence could be reduced. The Government contends Lewis's attorney waived his right to appeal this sentencing issue by not raising the issue on the record. For the reasons set forth below, we AFFIRM the decision of the district court.

## I. STATEMENT OF FACTS

On September 23, 1999, Lewis was sentenced by the United States District Court for the Western District of Tennessee to 360 months in prison, plus five years supervised release based on his designation as a career offender. None of the facts pertaining to Lewis's conviction in the instant case are in dispute. The district court found Lewis to be a career offender as a result of his prior state convictions on two counts of unlawful delivery of cocaine. Lewis was convicted of both state offenses on January 20, 1990 in the 363rd Judicial District Court in Dallas, Texas. Lewis sold an ounce of cocaine to an undercover narcotics officer on January 11, 1990. He then sold another three ounces of cocaine to the same officer on January 16, 1990. Lewis was charged separately for each transaction. Lewis pled no contest to one charge and guilty to the other and received an order of probation for ten years without adjudication of guilt, plus a $1,000 fine, on each offense.

## II. LEGAL STANDARDS

### A. Career Offender

Pursuant to U.S.S.G. § 4B1.1, a defendant is a career offender if (1) he was at least eighteen years old at the time of committing the offense, (2) the offense is a felony "that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." There is no dispute as to the first two requirements of U.S.S.G. § 4B1.1. Lewis argues, however, that his previous convictions are related and should be considered one offense for sentencing purposes. If Lewis's prior convictions are considered related, he would not qualify as a career offender based on the third prong of U.S.S.G. § 4B1.1.

According to Application Note 3 of U.S.S.G. § 4A1.2, "prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." Lewis focuses his argument on the second and third prongs of Application Note 3. Lewis contends his prior offenses should be considered related because they were either part of a single common scheme or plan or they were consolidated for sentencing.

### B. Standard of Review

In order to avoid career offender status under the U.S.S.G., Lewis has the burden to prove his two prior convictions were part of a single common scheme or plan. *See United States v. Cowart*, 90 F.3d 154, 159 (6th Cir.1996). The district court made a factual determination that Lewis's two prior convictions were not related by a single common scheme or plan. The standard of review for this factual determination is the clearly erroneous standard. *See*

*United States v. Irons,* 196 F.3d 634, 638 (6th Cir.1999). Additionally, "an appellate court is to give due deference to the District Court's application of the Sentencing Guidelines to the particular facts of the case."[1] *United States v. Coleman,* 964 F.2d 564, 566 (6th Cir.1992).

## III. ANALYSIS

### A. Waiver of Appeal

The Government argues that Lewis waived the issue of whether he was a career offender by not raising the issue at the district court or presenting evidence regarding his prior offenses. At Lewis's sentencing hearing, his attorney specifically objected to his classification as a career offender. Lewis's attorney also referred to evidence of Lewis's prior offenses presented in the presentence report, and described the prior offenses at the sentencing hearing. According to the record, Lewis's attorney specifically noted the objection to career offender status for appeal purposes. As a result, Lewis did not waive his right to appeal.

### B. Common Scheme or Plan

The phrase "common scheme or plan" is not adequately defined in the Sentencing Guidelines. However, in *United States v. Irons,* the Sixth Circuit joined the holdings of the Third, Fifth, Seventh, and Ninth Circuits with regard to the meaning of the phrase "single common scheme or plan." *Irons,* 196 F.3d at 638. The term " 'scheme' and 'plan' are words of intention, implying that the offenses have been jointly planned, or at least that ... the commission of one would entail the com-

mission of the other as well." *Id.* (quoting *United States v. Ali,* 951 F.2d 827, 828 (7th Cir.1992)). "Courts have consistently held that crimes are not 'related' merely because each was committed with the same purpose or common goal." *Id.* at 639 (citing *United States v. Velazquez–Overa,* 100 F.3d 418, 423 (5th Cir.1996)).

Lewis contends that the two prior convictions are part of a common plan because the offenses were committed over a five day period, the same undercover agent purchased the cocaine from Lewis, and both offenses were part of a single criminal investigation. Lewis primarily relies on *United States v. Robinson,* a Fifth Circuit case. *See United States v. Robinson,* 187 F.3d 516 (5th Cir.1999). The *Robinson* case contains some factual similarities to the instant case. In *Robinson,* the defendant sold cocaine to an undercover officer and told the officer he would pay him $50 for every customer the officer referred to him. *See id.* at 518. The officer then sent one of his colleagues to buy cocaine from the defendant. *See id.* The defendant was arrested and charged with two offenses. *See id.* The defendant pled guilty to both offenses, and was sentenced as a career offender. *See id.* The Fifth Circuit reversed, holding that the two offenses were related and should be considered as one. *See id.*

*Robinson* can be distinguished from the case at bar, however, because the defendant in *Robinson* actually planned to pay the officer $50 for each person the officer referred. In the instant case, there is nothing in the record to indicate there was

1. *See Buford v. United States,* 532 U.S. 59, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001) (holding deferential review is appropriate when a court of appeals reviews a trial court's Sentencing Guideline determination as to whether an offender's prior convictions were consolidated, or related, for purposes of sentencing). "[T]he question at issue grows

out of, and is bounded by, case-specific detailed factual circumstances. And the fact-bound nature of the decision limits the value of appellate court precedent, which may provide only minimal help when other courts consider other procedural circumstances, other state systems, and other crimes." *Id.* at 1280.

any plan or scheme or intention by Lewis and the undercover officer to commit another crime. Applying the *Irons* rule, it does not appear as if Lewis "either intended from the outset to commit both crimes or that he intended to commit one crime which, by necessity involved the commission of a second crime." *Irons*, 196 F.3d at 638 (quoting *United States v. Ali*, 951 F.2d 827, 828 (7th Cir.1992)). Lewis did not contact the officer for the second sale; it was the undercover officer who contacted Lewis. Also, there is no evidence in the record indicating any plan or intention by Lewis during the first sale to encourage or set up a second sale. The two offenses committed by Lewis may have had the same "purpose," but as stated in *Irons,* that is not enough to treat the offenses as one.

During the sentencing hearing, the district court judge did consider whether the two prior convictions should be considered as part of one common scheme. According to the transcripts from the sentencing hearing, the judge said: "I was looking at these two prior drug offenses to see if there was any argument to be made that they should be considered only as one, but I see they occurred, although close in time, they occurred on two separate dates, and there is not really any basis there." Since the district court judge considered combining the offenses, but declined to do so, due deference must be given to her decision. After examining the record, there is no clear error on the part of the judge. Additionally, Lewis didn't offer sufficient evidence to support the claim that the two offenses were part of a common plan. The only evidence on the record pertaining to the prior offenses is the pre-sentence report.

## C. Consolidation

Lewis also argues that his two prior offenses should be considered related because the prior offenses were consolidated for sentencing. According to *Coleman,* "[n]o federal court has provided an all-encompassing definition of the term 'consolidation for sentencing' and we do not purport to do so here." *Coleman,* 964 F.2d. at 566. As a result, courts tend to look at all the circumstances and make a determination of whether or not the offenses are consolidated. The factors that courts often consider include the existence of an order of consolidation, separate docket numbers, same nucleus of facts, and identical sentences, among other things.

In *Coleman,* one of the main factors the court took into consideration in refusing to consolidate the offenses at issue was the fact that there was no "order by the trial court expressly or implicitly consolidating the cases for sentencing." *Coleman,* 964 F.2d at 566. There was no express or implicit order of consolidation by the Texas district court in the instant case. Thus, taking into account all of the evidence in the record, it was not clear error to conclude that the sentences were not consolidated for Guideline purposes and that the offenses weren't related pursuant to § 4A1.2 of the U.S.S.G.

## IV. CONCLUSION

Lewis contends it was clear error to have treated his two prior offenses as unrelated convictions. The appropriate standard of review is clearly erroneous, and due deference must be given to the district court's determination. There was no clear error in the district court's decision to treat Lewis's prior convictions as two separate offenses and to designate Lewis as a career offender. The judgment of the district court is AFFIRMED.