**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Johnny R. BRANDENBURG,**
**Defendant–Appellant.**

**No. 02–3196.**

United States Court of Appeals,
Sixth Circuit.

Nov. 21, 2003.

688

Terry Lehmann, Asst. U.S. Attorney, U.S. Attorney's Office, Cincinnati, OH, Margaret Mary Quinn, U.S. Attorney Office, Dayton, OH, for Plaintiff–Appellee.

Alan D. Gabel, Dayton, OH, for Defendant–Appellant.

Before: DAUGHTREY and GILMAN, Circuit Judges; and HAYNES, District Judge.*

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

OPINION

GILMAN, Circuit Judge.

Johnny R. Brandenburg, a federal prisoner, pled guilty to drug trafficking and firearms violations on March 28, 2000. He was sentenced to consecutive terms of imprisonment of 212 months for the drug trafficking crime and 60 months for the firearms offense. Based upon a prior history of nine juvenile and eight adult convictions, Brandenburg was assigned 18 criminal history points under the United States Sentencing Guidelines, which resulted in a criminal history category of VI. Brandenburg objected to how the district court scored five of his eight adult felonies, which together accounted for 14 of his 18 criminal history points. He argued that these five felonies were consolidated by the state courts for sentencing and thus should constitute only one sentence for the purpose of determining his criminal history category. So treated, the five felonies would have received a combined scoring of only three points, thereby reducing his total criminal history points to seven and placing him in a criminal history category of IV. This would have reduced Brandenburg's sentencing range from 188–235 months to 151–188 months.

The district court overruled his objection. Brandenburg timely appealed, asserting both that the five felony convictions in question were consolidated for sentencing by the state courts and that the district court should have departed downward from the Sentencing Guidelines. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

On December 19, 1999, Brandenburg was arrested at his residence in Dayton,

Ohio, where the police found residual quantities of cocaine, approximately 300 doses of a drug known as "ecstacy," and three firearms. He pled guilty to conspiracy to possess with the intent to distribute in excess of 5 kilograms of cocaine and in excess of 100 kilograms each of marijuana and ecstacy, all in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A),(B) and (C). He also pled guilty to the possession of three firearms in furtherance of his drug trafficking offenses, in violation of 18 U.S.C. § 924(c)(1)(A).

Before his sentence was imposed, Brandenburg objected to the scoring of his criminal history based on the treatment of the following five felony offenses, all of which were committed between April 1 and September 13 of 1993:

1. *Case number 94–CR–0516:* On April 1, 1993, Brandenburg trespassed at the Finish Line store in Montgomery County, Ohio with the intent to commit a theft offense. He was sentenced on February 19, 1994 to 12 months of imprisonment, to run concurrent to case number 93–CR–2744.

2. *Case number 93–CR–523:* Brandenburg trespassed at the Lower Valley Furniture store in Clark County, Ohio with the intent to commit a theft offense on April 17, 1993. He was sentenced on October 23, 1993 to 18 months of imprisonment, to run concurrent to case number 93–CR–485.

3. *Case number 93–CR–7176:* Brandenburg broke into the VFW Post in Preble County, Ohio and forcibly entered a safe between August 26 and 27, 1993. In connection with this crime, he stole a pick-up truck. He was sentenced on February 14, 1994 to 18 months of imprisonment on Counts One and Two (breaking and entering and safe cracking) and to one year of imprisonment on Count Three (auto theft), to run concurrently.

4. *Case number 93–CR–2744:* Brandenburg stole a pick-up truck in Montgomery County, Ohio on September 8, 1993. He was sentenced on October 21, 1993 to two years of imprisonment, to run concurrent to case numbers 93–CR–485 and 93–CR–523.

5. *Case number 93–CR–485:* On September 13, 1993, Brandenburg trespassed at the Mad River Bus Garage in Clark County, Ohio with the intent to commit a theft offense. He was sentenced on October 23, 1993 to 18 months of imprisonment, to run concurrent to case number 93–CR–523.

In addition to separate docket numbers, each of these five convictions had a different victim, a separate criminal complaint, and a separate indictment. No consolidation order was entered by the state courts, nor does the record reflect that Brandenburg requested one. Brandenburg, however, was not arrested for any of these crimes until after all five were committed, so that the offenses were not separated by intervening arrests.

## II. ANALYSIS

### A. Standard of review

We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Carter,* 283 F.3d 755, 757 (6th Cir.), *cert. denied,* 537 U.S. 874, 123 S.Ct. 286, 154 L.Ed.2d 126 (2002). Additionally, we "accept the findings of fact of the district court unless they are clearly erroneous[,] and ... give due deference to the district court's application" of the Sentencing Guidelines to the facts of the case. 18 U.S.C. § 3742(e).

"We review de novo whether the district court was aware of its authority to make a downward departure." *United States v. Ridge,* 329 F.3d 535, 544 (6th Cir.2003). If the district court was aware of its authori-

ty to depart from the Sentencing Guidelines, then "failure to depart is not cognizable on appeal under 18 U.S.C. § 3742(a)." *United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995).

## B. Consolidation of prior offenses

Brandenburg first argues that the district court failed to determine whether five of his felony offenses were consolidated for sentencing by the state courts. The district court, however, reached the following conclusion in open court at Brandenburg's sentencing hearing:

> I believe that these points, these criminal convictions, although they occurred within a relatively short space of time, were properly counted, and there is case law to the effect that merely because crimes are committed as part of a crime spree, that they are not necessarily related acts. These offenses occurred on different dates over a six to, I believe, an eight-month period of time. They involved separate acts, they involved separate victims, and they involved at least two, and perhaps three, different jurisdictions. And there is no question that judges, when the sentence was imposed, were aware of what had occurred beforehand from other judges on other cases, but *I simply do not feel that these were consolidated for purposes of sentencing,* and I feel that they were validly scored.

(Emphasis added.) Because the district court clearly considered the consolidation issue, Brandenburg's first argument is without merit.

He next argues, in the alternative, that even if the district court did reach a conclusion on this issue, it erred in determining that five of his prior felony offenses had not been consolidated for sentencing by the state courts and were thus unrelated cases. This determination is significant because, under Sentencing Guidelines § 4A1.2(a)(2), "[p]rior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)."

Whether prior sentences should be deemed related is discussed in Application Note 3 of Sentencing Guidelines § 4A1.2:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing. The court should be aware that there may be instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public.

The government acknowledges that Brandenburg's felony offenses were not separated by intervening arrests. Brandenburg, on the other hand, does not contend that his prior offenses occurred on the same occasion or were part of a single common scheme or plan. This leaves the question of whether his prior convictions were consolidated by the state courts for sentencing. "[C]ourts tend to look at all the circumstances and make a determination of whether or not the offenses are consolidated. The factors that courts often consider include the existence of an order of consolidation, separate docket numbers, same nucleus of facts, and identical sentences, among other things." *United States v. Lewis,* 11 Fed.Appx. 482, 484–85 (6th Cir.2001) (unpublished opinion).

Brandenburg argues that there is no possible explanation for the coordination of his concurrent sentences in the state courts other than that the sentencing judges meant to consolidate his convictions. In *United States v. Coleman*, 964 F.2d 564, 566 (6th Cir.1992), however, this court concluded that the defendant's prior state convictions were not consolidated for sentencing based upon facts similar to those in the present case. The defendant's prior convictions in *Coleman*, as in the present case, resulted from separate criminal complaints, separate indictments, and separate docket numbers. In neither *Coleman* nor the present case was an order of consolidation entered by the state courts. Even though the state sentences were imposed on the same date and were to run concurrently, the *Coleman* court concluded that these two factors did not require a finding that the prior convictions had been consolidated for sentencing purposes.

▮ Likewise, in *Green v. United States*, 65 F.3d 546, 548–49 (6th Cir.1995), this court concluded that prior state convictions will not be considered as consolidated for sentencing if "they proceed to sentencing under separate docket numbers, do not arise from the same nucleus of facts, lack an order of consolidation, and result in different sentences." The *Green* court held that the defendant's prior state convictions were unrelated, even though "the crimes were treated as 'related' for parole purposes," the sentences were "to be served concurrently," and the defendant pled "guilty to the offenses in the same court, at the same time, before the same judge." *Id.* at 548–49. Finally, in *United States v. McAdams*, 25 F.3d 370, 374–75 (6th Cir.1994), this court declined to treat as consolidated seven offenses to which the defendant pled guilty at a one hearing before a judge who entered a single order. The district court, therefore, far from committing any error, was instead properly guided by controlling law when it concluded that the record did not establish that Brandenburg's five prior felony offenses had been consolidated for sentencing.

## C. Downward departure

Brandenburg's other contention on appeal is that the district court erred when it failed to depart downward from the Sentencing Guidelines because "they significantly over-represent the seriousness of" his criminal history. "Generally, we do not review a district court's refusal to exercise its discretion to grant a downward departure." *United States v. Ridge*, 329 F.3d 535, 544 (6th Cir.2003). "Where, as here, the guideline range was properly computed, the district court was not unaware of its discretion to depart from the guideline range, and the sentence was not imposed in violation of law or as a result of an incorrect application of the guidelines, the failure to depart is not cognizable on appeal under 18 U.S.C. § 3742(a)." *United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995). We examine the transcript of the sentencing hearing to determine whether the district court was aware of its authority to make a downward departure. *Ridge*, 329 F.3d at 544.

▮ The district court, at Brandenburg's sentencing hearing, considered whether "the criminal history of six significantly over-represents the seriousness of the defendant's past criminal conduct and the likelihood of recidivism" and concluded that it "simply cannot, in all conscience, make that finding. . . ." It then explained the rationale for this determination as follows:

> The Defendant has been in trouble since the age of 13. His criminal record begins there. He has a number of juvenile offenses and two adult offenses that were not counted in the criminal history

score. The criminal history points total 18, almost half again as many as required for a criminal history [category] of six. And, after the sentencing and the serving of the 18 months ... he became involved in this conspiracy, which lasted some three years and, frankly, was terminated only on his arrest.

The sentencing hearing transcript, therefore, clearly shows that the district court was aware of its ability to depart from the Sentencing Guidelines. In the exercise of its proper discretion, the court simply declined to make a departure.

## VI. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.