**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**LaMont JACOBS, Defendant–Appellant.**

No. 03–5496.

United States Court of Appeals,
Sixth Circuit.

Feb. 9, 2004.

Before: NELSON, GILMAN, and ROGERS, Circuit Judges.

## ORDER

LaMont Jacobs, represented by counsel, appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In December 2002, Jacobs pleaded guilty to possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841. The court sentenced him as a career offender to 151 months of imprisonment and three years of supervised release. Jacobs has filed a timely appeal.

On appeal, Jacobs's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issue for review: whether this court may review the district court's denial of Jacobs's motion for a downward departure.

Upon review, we conclude that counsel correctly argues that the denial of Jacobs's motion for a downward departure is not reviewable. A district court's failure to depart downward is not cognizable on appeal when the guideline range is properly computed, the court is aware of its discretion to depart downward, and the sentence does not violate the guidelines or federal law. *United States v. Moore*, 225 F.3d 637, 643 (6th Cir.2000); *United States v. Pickett*, 941 F.2d 411, 417 (6th Cir.1991). In the absence of ambiguous statements by the district court concerning its discretion, there is a presumption that the court was aware of the law it was called upon to apply. *United States v. Russell*, 870 F.2d 18, 20 (1st Cir.1989), and it should be assumed that the court, in the exercise of its discretion, found the downward departure unwarranted. *See United States v. Byrd*, 53 F.3d 144, 145 (6th Cir.1995). A review of the sentencing transcript clearly establishes that the district court was aware of its authority to depart downward, even from a guidelines range established by a defendant's career offender status. The district court denied Jacobs's motion to depart because his sentence is not disproportionate with his career offender status.

In addition, we have reviewed the record and discovered no error warranting reversal of Jacobs's conviction and sentence. Jacobs voluntarily pleaded guilty. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The record reflects that, during Jacobs's plea hearing, the district court explained the rights that Jacobs was waiving, determined that no additional promises had been made to compel Jacobs to plead guilty, and explained the potential penalty associated with the guilty plea. The district court also determined that Jacobs understood the indictment to which he was pleading guilty. Finally, Jacobs acknowledged that he possessed 3.3 grams of cocaine.

Furthermore, the district court properly sentenced Jacobs. Jacobs's Total Offense Level was 29, his Criminal History Category score was VI, and the resulting guidelines range was 151–188 months. Thus, Jacobs's sentence of 151 months was within the applicable guidelines range. Moreover, the district court properly determined that Jacobs was a career offender, under USSG § 4B1.1, because: 1) Jacobs

was at least 18 years old at the time of the instant offense; 2) the instant offense is a felony that is either a crime of violence or one involving a controlled substance; and 3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. *See* USSG § 4B1.1; *United States v. Coleman,* 964 F.2d 564, 565–66 (6th Cir.1992).

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.