**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0156n.06
Filed: February 26, 2007

**No. 05-6778**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| ADRIEL SNOWDEN, | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | AT CHATTANOOGA |
| | ) | |

Before: GIBBONS, MCKEAGUE, Circuit Judges; and TARNOW, District Judge.[*]

        **JULIA SMITH GIBBONS, Circuit Judge**. Defendant Adriel Snowden appeals the district court's classification of Snowden as a career criminal, as well as the overall reasonableness of his 240-month sentence for possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), and knowing possession of a firearm in violation of 18 U.S.C. § 922(g). Because the district court correctly identified two or more prior felony convictions for controlled substances in determining Snowden's career criminal status, and because the court considered the relevant 18 U.S.C. § 3553(a) factors in arriving at a reasonable sentence, we affirm the judgment of the district court.

---

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

I.

On January 27, 2005, officers with the Athens, Tennessee, Police Department served a search warrant on Snowden's residence at 805 Haley Street, Apartment 1. When officers served the warrant, they met Snowden coming out of the residence. Snowden was arrested and searched. Officers found a brown bottle containing approximately seven grams of crack in Snowden's right pants pocket. Inside his residence, officers located another approximately eight grams of crack behind the water heater in the kitchen. The laboratory report indicates the total amount of drugs confiscated was 15.7 grams. In addition, a Glock 9-mm handgun and a Raven Arms .25 caliber handgun were found in the residence, though the exact location is unknown.

II.

On April 12, 2005, a grand jury sitting in the Eastern District of Tennessee, Chattanooga Division, returned a three-count indictment against Snowden. Count I charged that on January 27, 2005, Snowden possessed five grams or more of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Count II charged that on January 27, 2005, Snowden, having been previously convicted of a felony, knowingly and intentionally possessed a Glock 9-mm handgun in violation of 18 U.S.C. § 922(g). Count III charged that on January 27, 2005, Snowden, having been previously convicted of a felony, knowingly and intentionally possessed a Raven .25 caliber handgun, in violation of 18 U.S.C. § 922(g). On August 4, 2005, Snowden appeared before the district court and pled guilty to Count I of the indictment, and the government moved to dismiss the remaining counts at that time. The United States Probation Office prepared a Presentence Investigation Report (Presentence Report). Because Snowden was determined to be a career

offender, his offense level of 34 was calculated under § 4B1.1.[1]  Snowden's guideline range was 262 to 327 months.

In determining Snowden's career criminal status, the probation officer relied upon seven previous felony drug distribution convictions.  Snowden objected to the number of predicate offenses found by the probation officer, asserting that all the cases in question were related and therefore should count only as a single prior offense:

> While separate case numbers were apparently assigned, the offenses are clearly designated as counts in the indictment and *not* separate or unrelated cases.  The single state indictment indicates the existence of a single confidential informant who purchased all of the drugs referenced in the indictment.  There were no intervening arrests, and sentencing on all counts was held on August 8, 2002 with sentences running concurrently.

At his sentencing hearing, Snowden argued that "[t]he basis for that contention is, among other things, that at least six of the seven, the sentences were run concurrently [sic] and occurred on August 8th of 2002."

The district court found it unnecessary to determine whether the offense linked to the April 16, 2001, arrest and the four offenses linked to a May 17, 2001, arrest should in fact be treated as one.  The court determined that because the offense on November 12, 2001, unquestionably occurred after Snowden's arrests on April 16 and May 17, 2001, the arrests could not be related and therefore must count separately in determining Snowden's career offender status.  The district court then found it unnecessary to address Snowden's other objections, and Snowden's counsel agreed.

---

[1]Snowden would have been in criminal history category VI even if he had not been a career offender.  His criminal history subtotal was 21, to which two points were added because he was on probation at the time of the instant offense and one point was added because the instant offense was committed within two years of his release from custody.  The total of 24 points is well above the 13 points required to be in Category VI.

The district court sentenced Snowden to 240 months' imprisonment, eight years of supervised release, and a $100.00 special assessment. The below-guideline sentence reflected a two-level reduction given pursuant to the government's 5K1.1 motion for reduction based on Snowden's substantial assistance. Snowden filed a timely notice of appeal on November 10, 2005.

## III.

In reviewing a district court's application of the Sentencing Guidelines, this court will "accept the findings of fact of the district court unless they are clearly erroneous and [will] give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); *United States v. Williams*, 355 F.3d 893, 897-98 (6th Cir. 2003). This court reviews *de novo* a district court's determination that a defendant is a career offender within the meaning of U.S.S.G. § 4B1.1. *United States v. Wilson*, 168 F.3d 916, 926 (6th Cir. 1999). Legal conclusions regarding the Sentencing Guidelines are also reviewed *de novo*. *United States v. Latouf*, 132 F.3d 320, 331 (6th Cir. 1997).

## IV.

Snowden first argues that the district court erred in finding him to be a career offender. Snowden's general contention is that all alleged predicate offenses were part of a single scheme or plan of drug transactions, often involving the same customers. He explains that "six of the seven predicate cases were, at least functionally, consolidated for sentencing with all but one of the cases (03-192) being heard on August 8, 2002, though no formal order of consolidation was entered."

A defendant is a career offender if: (1) he was at least eighteen years old at the time he committed the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions for

4

either a violent crime or a controlled substance offense. U.S.S.G. § 4B1.1; *see Wilson*, 168 F.3d at 926. Snowden does not contest the first two prongs of the career offender guideline, but argues that his prior convictions were related for the purposes of the Sentencing Guidelines and that therefore he should not be deemed a career offender under the third prong.

Application Note 3 of U.S.S.G. § 4A1.2 explains when a finding of "related cases" is appropriate:

> Related Cases. Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.[1]

U.S.S.G. § 4A1.2, Application Note 3. The Presentence Report identifies seven prior felony drug distribution offenses. Even in the most generous interpretation, Snowden still qualifies as a career offender. Three of the prior offenses were separated by an intervening arrest, committed on different dates, and occurred in different locations. Snowden was arrested separately on April 16, 2001, May 17, 2001, November 12, 2001, and May 20, 2003. Furthermore, at least two of the offenses were charged in separate documents and received separate court numbers. Snowden admittedly was arrested on state drug felony offenses, pled guilty and was sentenced before he was arrested for the May 20, 2003, offense, and this intervening arrest and conviction prohibit his prior convictions from being considered "related" offenses under the Sentencing Guidelines. *See United States v. Coleman*,

---

[1]Note 3 of § 4A1.2 goes on to discuss scenarios in which deeming various offenses "related" is inappropriate. These examples address scenarios that would otherwise qualify as "related," but nevertheless are so serious that an upward departure is appropriate. Snowden argues for the opposite: he was deemed a career offender by the probation officer and district court, but believes his offenses are so intertwined as to qualify as "related," and accordingly he is not a career offender.

964 F.2d 564, 566-67 (6th Cir. 1992) (finding two robbery convictions were not related despite the fact that both occurred on the same day, judgment was pronounced on the same day, and defendant received concurrent sentences). The district court correctly found that two of the prior offenses were separated by an intervening arrest, and accordingly there is no possible interpretation that would not result in career offender status.[2]

V.

Snowden also argues that without regard to his career offender status, his sentence is nevertheless unreasonable.[3] He asserts that the sentence imposed "is not only crushing in the amount of time, 240 months, but is also so disparate from Defendant's previous State sentences as to be grossly unfair and greater than necessary."

Under *United States v. Booker*, 543 U.S. 220 (2005), this court continues to calculate and

---

[2]Snowden notes that only four of the seven predicate offenses were listed in his 21 U.S.C. § 851 Notice of Intent to Use Prior Convictions to Enhance Punishment, and then argues that as a result the unlisted offenses cannot be used to establish Career Offender status. Snowden apparently, and appropriately, abandons this argument in his next sentence: "However, *see United States v. Mans*, 999 F.2d 966, 969 (6th Cir. 1993) and *United States v. Brannon*, 7 F.3d 516 (6th Cir. 1993) which have previously rejected this or similar arguments." (Final Br. of Appellant at 16.) As Snowden helpfully notes, this Notice of Intent argument is meritless, as the § 851 requirements apply only to a statutory sentence enhancement, not a sentence enhancement under § 4B1.1 of the Sentencing Guidelines.

[3]The government argues that a district court's failure to exercise its discretion and grant a downward departure is not reviewable. (Final Br. of Appellee at 12 (citing *United States v. Owusu*, 199 F.3d 329, 349 (6th Cir. 2000)).) According to the government, this court has jurisdiction only when the district court incorrectly believed that it lacked any authority to consider defendant's mitigating circumstances as well as the discretion to deviate from the guidelines. However, because Snowden is challenging the reasonableness of his sentence, not solely the district court's decision not to grant a downward departure, the case law cited by the government is not controlling and this court has jurisdiction over Snowden's appeal on this issue.

6

consider the range as determined by the Sentencing Guidelines, though that range is now merely advisory. *See United States v. Richardson*, 437 F.3d 550, 555 (6th Cir. 2006) (finding that conclusions about prior convictions and career criminal status are treated the same before and after *Booker*). A district court should consider the Guidelines range as well as the 18 U.S.C. § 3553(a) factors, though a court may depart from the Guidelines if necessary to impose a reasonable sentence. *United States v. Cage*, 458 F.3d 537, 543 (6th Cir. 2006). As stated in *Booker*, "Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable." *Booker*, 543 U.S. at 261. The statute continues to require judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *Id.* at 260.

This court has noted that there are "both *substantive* and *procedural* components to our reasonableness review," *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006), and in the instant case the district court's decision complies with both. A sentence may be procedurally unreasonable when the district judge fails to consider the applicable guidelines range or neglects to consider the other factors listed in § 3553(a) and instead simply selects what the judge deems an appropriate sentence without the required considerations. *Webb*, 403 F.3d at 383-84. Nevertheless, the district court is not required to reference explicitly each of the § 3553(a) factors; there need only be sufficient evidence in the record to demonstrate the court's consideration of the factors. *McBride*, 434 F.3d at 476 n.3 (citing *Webb*, 403 F.3d at 383-85)

Here, the district court did just that. The court concluded:

[T]he guideline range affords the Court more than enough discretion in imposing an

7

appropriate sentence [in this case]. Such a sentence will reward the defendant for the substantial assistance that he's rendered the government; it will also serve to reflect the seriousness of the offense, provide just punishment for the offense, to afford adequate deterrence for this type of criminal conduct, and also to protect the public from future crime that Mr. Snowden might be inclined to commit.

These considerations directly comply with those laid out in § 3553. *See* 18 U.S.C. § 3553(a). Hence, the sentence is procedurally reasonable.

Snowden does not present any legally cognizable justification for finding the district court's sentencing substantively unreasonable. A sentence may be held substantively unreasonable if the district court (1) selected the sentence arbitrarily, (2) based the sentence on impermissible factors, or (3) gave an unreasonable amount of weight to a particular factor. *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006). Snowden complains of the considerable disparity between his former state sentences for drug convictions, which were comparatively slight and never more than one year, and the sentence given by the district court in the instant case, which is substantial at 240 months.[4] Snowden notes that his current sentence is a "24-fold increase" and he finds the disparity between the sentences to be "nothing less than astonishing and unconscionable" in light of the relatively small amount of drugs involved. Snowden does not, however, cite any authority to substantiate his argument that a sentencing scheme is required to use graduated punishment to educate and modify a defendant's behavior. He has failed to demonstrate that the district court acted arbitrarily or relied on an impermissible consideration or placed an inordinate weight on a pertinent consideration.

---

[4]Snowden also emphasizes the extremely difficult environment in which he was raised. The district court considered Snowden's arguments about his background and noted that they had "some sociological merit" but concluded that they did not entitle Snowden to a below-guideline sentence. The court noted that sentencing based on such factors was inconsistent with the philosophy of the present statutory sentencing scheme. This determination does not render Snowden's sentence unreasonable.

8

Accordingly, Snowden's sentence has not been shown to be substantively unreasonable.

## VI.

For the foregoing reasons, we affirm the judgment of the district court.